### State v. Witten
*[Cite as 2 AOA 468]*

*Case No. 1815*

*Medina County, (9th)*
*Decided March 28, 1990*

*R.C. 4511.19*

Page Schrock, III, Law Director, 145 Hight St., Wadsworth, OH 44281 for Plaintiff.

Lester S. Potash, Attorney at Law, Illuminating Bldg., #2000, 55 Public Square, Cleveland, OH 44113 for Defendant.

CACIOPPO, P. J.

Rodger Witten received four traffic citations which included violations of R.C. 4511.19(A)(1) and (3). On the day of the jury trial, the state dismissed three charges and elected to proceed only on the alleged violation of R.C. 4511.19(A)(3). The jury heard evidence and returned a guilty verdict against Witten. The trial court sentenced Witten accordingly.

Witten appeals.

### ASSIGNMENT OF ERROR V

"The trial court committed prejudicial error in failing to suppress the evidence obtained by Trooper Crist based upon a warrantless arrest."

Witten contents that the trial court should have granted a motion for acquittal because the state failed to establish probable cause for the seizure of a bodily substance. Witten argues that he had no opportunity to challenge the seizure pre-trial because he was charged with violating both R.C. 4511.19(A)(1). and (3). Therefore, in defending against the charge of driving under the influence. Witten would establish a lack of probable cause for administering a breath alcohol test. When the state dismissed the charge of driving under the influence, the trial court ruled that any evidence concerning Witten's conduct was not relevant.

In *State* v. *Earle* (Aug. 2, 1989), Summit App. No. 13957, unreported, this court stated that Traf. R. 11(B)(2) provides that motions to suppress evidence must be filed as pre-trial motions. This court cited *Newark* v. *Lucas* (1988), 40 Ohio St. 3d 100, in finding that a statutory exclusionary rule may apply to exclude breath alcohol test results in

prosecutions under R.C. 4511.19(A) (3). *Id.* at 104.

Traf. R. 11(B) states that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before plea or trial by motion." Witten's argument suggests that the general issue of driving under the influence is also the probable cause for the breath sample seizure.

Witten did not proffer any evidence which persuades this court that the probable cause for administering the breath alcohol test and the general issue for trial of driving under the influence were synonymous. Witten was not precluded from challenging the seizure before trial.

The fifth assignment of error is overruled.

### ASSIGNMENT OF II

"The trial court committed prejudicial error in its failure to grant a judgment of acquittal to the defendant."

Witten contends that the state could not establish beyond a reasonable doubt that he violated the *per se* offense under R.C. 4511-19(A)(3) if the result of the BAC Verifier was excluded from the evidence presented to the jury. The contention is technically correct but fails to displace the inescapable fact that the test result was in the evidence presented. The trial court did not err in denying a motion for acquittal based upon the evidence presented.

The second assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

"The trial court committed prejudicial error in failing to properly instruct the jury."

Witten requested the trial court to instruct the jury that the state must prove beyond a reasonable doubt, that the proper methods were used to take and analyze the breath sample. In denying the request, the trial court stated that the state is only required to establish beyond a reasonable doubt, the element of the statutory offense.

This court addressed a similar assignment of error in *State* v. *Dowd* (Aug. 2, 1989), Wayne App. No. 2452, unreported, citing *Newark* v. *Lucas* (1988), 40 Ohio St. 3d 100. The distinction that Witten overlooks concerns the burden upon the state to go forward with sufficient evidence for admissibility, as opposed to the burden of establishing each element beyond a reasonable doubt. The trial court did not err in denying the instruction request.

The fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR I

"The trial court committed prejudicial error in admitting as evidence the results of the breath analysis conducted on March 14, 1989."

Witten contends that the trial court heard evidence that the state failed to comply with the mandate of Ohio Adm. Code 3701-53-02(C) and erred in admitting as evidence, the BAC Verifier result. Witten argues that a BAC Verifier is not in substantial compliance with the Ohio Administrative code solely on the basis that a BAC Verifier has an internal mechanism which detects radio frequency interference (RFI).

"\*\*\*.

"(C) A radio frequency interference (RFI) survey shall be performed for each breath testing instruments listed in paragraphs (A)(1) to (A)(3) and (A)(5) of this rule that is in operation at each breath testing site. RFI surveys are not required for the instrument listed in paragraph (A)(4) of this rule. Survey results shall be recorded on the form set for in appendix G to this rule. The original RFI survey from and any subsequent RFI survey forms shall be kept of file in the area where tests are performed. A new survey shall be conducted when a breath testing instrument's spatial placement or axis is changed from that designated in the most recent survey form. Radio transmitting antennae shall not be used within any RFI-affected zone during conduct of a subject test or a calibration check."

Ohio Adm. Code 3701-53-02(C). A BAC Verifier is the breath testing instrument listed in Ohio Adm. Code 3701-53-02 (A)(5). Only the Alco-sensor RBT III is excluded from the RFI survey requirement.

The trial court heard testimony from the state's witness, the trooper who administered the BAC Verifier test. The trooper testified that he had no personal knowledge of an RFI survey, but that he was told that such a survey had been completed prior to the trooper's assignment at the Medina Post. The trooper testified that radio transmissions took place during the BAC Verifier test of Witten. The trooper had no personal knowledge whether the BAC Verifier was located within a RFI-affected zone.

The state asked the trooper to indicate what would happen if radio frequency interference reached the BAC Verifier during operation. The trooper indicated that an internal device would automatically not permit the test.

The trial court determined that the BAC Verifier has a device which stops a test in the event of radio frequency interference. Witten offered no evidence to contradict this fact. Therefore, the trial court found that the state demonstrated substantial compliance with Ohio Adm. Code 3701-53-02(C). We disagree.

The operation of breath-testing instruments is affected when radio transmissions are made within certain distances of the instrument. The Court of Appeals for Hamilton County discussed the rationale and testing method for RFI in *State* v. *Fley* (Dec. 14, 1988, Hamilton App. No. 870811, unreported. The Appeals Court stated that the burden was upon the state to demonstrate that the breath test was in accordance with law. See, also *Newark* v. *Lucas, supra* at 103.

The most direct method to challenge a specific test result is to establish that the approved testing procedure was not followed or that the instrument was malfunctioning. However, such evidence may not be available to an accused because the evidence is peculiarly within the knowledge of the state. See *Columbus* v. *Day* (1985), 24 Ohio App. 3d 173, 174. In the case *sub judice*, the state opened the door to the evidentiary challenge when the trooper failed to establish compliance with Ohio Adm. code 3701-53-02. Rather than producing evidence of compliance, or seeking a continuance until evidence, if available, could be produced, the state relied upon the fact that the BAC Verifier has the aforementioned detection device.

A determination of appropriateness for the methods of analyzing bodily substances, approved by the director of health, is a legislative rather than judicial function.

If the director of health determined that an RFI survey was not necessary to insure proper operation of BAC Verifier, then the BAC Verifier would not be included within the list of instruments requiring such survey.

As previously stated, of the five instruments approved in Ohio Adm. Code 3701-53-02(A), only the Alco-sensor RBT III is excluded from the RFI survey requirement. It is not the court's prerogative to substitute the physical features of the BAC Verifier for the RFI survey requirement. Accord *State* v. *Laivins* (April 25, 1989), Delaware App. No. 88-CA-35, unreported.

The first assignment of error has merit.

## ASSIGNMENT OF ERROR III

"The trial court committed prejudicial error in failing to permit the defendant to question the state's witness relating to compliance with Ohio Administrative Code 3701-53-02(C)."

Witten relies upon Evid. R. 104(E) in arguing that evidence relevant to weight or credibility should be introduced before the jury. Specifically, Witten contends that the trial court erred in sustaining the state's objections to cross-examination concerning compliance with Ohio Adm. Code 3701-53-02(C).

The state argues that compliance with the approved testing methods is solely an issue of admissibility for the trial court. The state frames the issue before this court as a question concerning whether the trial court or the jury determines admissibility of evidence.

The actual issue before this court is whether or not a person charged with the *per se* offense under R.C. 4511.19(A) (3) may challenge the validity of the breath-alcohol test result after that result is admitted into evidence.

"In order to sustain a conviction under R.C. 4511.19(A)(3), there must be proof beyond a reasonable doubt that the defendant was operating a vehicle within this state and that at the time he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath. The relevant evidence is limited to that evidence having any tendency to make the existence of either or both of these facts more probable or less probable." *State* v. *Boyd* (1985), 18 Ohio St. 3d 30, syllabus. At trial, the state must establish the two elements of R.C. 4511.19(A)(3) beyond a reasonable doubt. If by cross-examination, or otherwise, the defense places relevant facts in issue, the state must offer evidence to establish these elements. *Id.*; see, also, *State* v. *Brown* (1975), 49 Ohio App. 2d 104, 106. However, the defense is limited to cross-examination of presenting direct evidence concerning facts having any tendency to make the existence of either or both of the elements more probable or less probable. *State* v. *Boyd, supra.* The defense may not challenge the general accuracy of the legislatively determined test procedure. *Columbus* v. *Day, supra*; see, also. *State* v. *Bichsel* (June 17, 1987, Wayne App. No. 2209, unreported, citing *State* v. *Vega* (1984), 12 Ohio St. 3d 185, 190.

Witten could have raised a factual issue concerning the validity of his BAC Verifier result because the state offered no evidence that the BAC Verifier was operated in an area free from radio frequency interference. The jury

could have believed the trooper's testimony concerning the BAC Verifier's internal device or chose to believe that the radio transmissions of which the trooper testified, skewed the result.

In effect, the trial court created an irrebuttable presumption of validity for the BAC Verifier result when the trial court determined admissibility of that result. The trial court erred in not allowing Witten to pursue the RFI issue before the jury.

The third assignment of error has merit.

## CONCLUSION

Prior to trial, the state dismissed the charges against Witten as the state lacked sufficient proof, with the exception of the charge under R.C. 4511.19(A)(3). Because of our disposition of the first assignment of error, the state lacked sufficient proof of the *per se* offense in R.C. 4511.19(A)(3).

The judgment of the trial court is reversed and this cause remanded for a judgment of acquittal.

*Judgment reversed,*
*and cause remanded.*

CIRIGLIANO, J.
Concurs

BAIRD, J.
Dissents