## State v. Luhrs
*[Cite as 7 AOA 363]*

*Case No. 90 CA 004822*
*Lorain County, (9th)*
*Decided October 10, 1990*

*Frank Ashbaugh, Solicitor, P. O. Box 179, Oberlin, Ohio 44074, for Plaintiff.*

Robert G. Schultz, Jr., 123B Greenwich Rd., Seville, Ohio 44273, for Defendant.

REECE, P.J.

This appeal questions the procedure a trial court must employ in accepting a no contest plea to a charge of operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A), and the minimum requirements imposed upon a defendant to sufficiently challenge the admissibility of breath test results for blood-alcohol content. Defendant-appellant, William L. Luhrs (Luhrs), maintains that his constitutional and statutory rights to due process were violated by the trial court's acceptance of a no contest plea, made by his attorney in his absence. He further insists that his breath test results should have been suppressed for failure to comply with Ohio Department of Health (ODH) regulations even though he had not provided the prosecution with specific notice of the defects alleged in that procedure prior to the pre-trial hearing. While we agree that the trial court improperly accepted Luhrs' plea of no contest, we disagree with his conclusion that his breath test results should have been suppressed.

*Facts*

Luhrs was arrested on November 6, 1989 and charged with operating a motor vehicle with a prohibited level of alcohol in his system, R.C. 4511.19(A) (3). On November 15, 1989, he filed a one-page motion and memorandum with the Oberlin Municipal Court asserting that his breath test results should be suppressed. The clear focus of the argument was upon the sufficiency of the radio frequency interference (RFI) survey of the breath testing device. In the midst of this challenge, however, is a paragraph which states:

"***

"The defendant further alleges, for want of information, that the Department of Health Rules were not followed in calibrations before the defendant's test or in the defendant's test itself.

"***."

Neither the motion nor memorandum allege any specific examples of non-compliance with ODH regulations. They merely assert that these procedures, in general, were not followed. Moreover, there is no evidence in the record indicating that Luhrs attempted to conduct discovery to determine, in fact, whether the regulations had been observed.

On January 31, 1990, the trial court conducted a pretrial hearing solely to resolve Luhrs' motion to suppress. The prosecution presented Officer Michael L. Underwood, who is the certified operator of the Wellington Police Department breathalyzer. This witness discussed the procedure he followed in conducting the RFI survey prior to Luhrs' breath test. He identified a detailed copy of the survey report which was later admitted into evidence. Finally, the officer testified generally that he performed a calibration test as required by ODH regulations and the results were "on-line".

Upon cross-examination of Officer Underwood, Luhrs' counsel raised, for the first time, the question of whether the solution used to calibrate the device complied with Ohio Adm. Code 3701-53-04. Obviously unprepared for this line of questioning, the witness confessed that he had not brought any documentation regarding the calibration solution used in this process. Thereafter in closing, Luhrs abandoned his RFI survey challenge and requested suppression due to the state's failure to verify the reliability of the calibration check. The motion to suppress was overruled.

A second pre-trial conference was held in chambers on April 4, 1990. While counsel for Luhrs was present at this meeting, Luhrs himself was not. Counsel expressed his intention to appeal the trial court's rejection of the motion to suppress and offered a plea of no contest on behalf of his client. The plea was accepted and sentence imposed on the spot. No record exists of this proceeding. While the trial court's entry of sentence recites that Luhrs was present at the time the plea was accepted, the parties agreed in their briefs and oral argument that this was not the case.

*Assignments of Error*

"I. The trial court erred by not having a meaningful dialogue, in fact, no dialogue, with the appellant before accepting his plea of 'No Contest'.

"III. The trial court erred in failing to advise the defendant-appellant of his rights pursuant to Traffic Rules 8 and 10.

"IV. The trial court failed to advise the appellant of his constitutional and statutory rights pursuant to Criminal Rule 11(D) and (E) contrary to *State v. Kristanoff*, 32 Ohio App. 2d 218, Ohio Revised Code Section 2937.02; Criminal Rule 5, Criminal Rule 11, *Cleveland v.*

*Whipkey*, 29 Ohio App. 2d 79, and *State v. Smith*, 49 Ohio State 2d 261.

"V. The trial court took no explanation of circumstances of the offense charged in the complaint; it was, therefore, error to find the defendant guilty."

These four assignments of error all deal with the validity of Luhrs' no contest plea to operating a motor vehicle with a prohibited level of alcohol and will be discussed together.

Since Luhrs had not committed more than one violation of R.C. 4511.19 within five years of the present infraction, the maximum prison sentence he could receive was six months. R.C. 4511.99(A); 2929.21. He therefore has been charged with a "petty offense", Crim. R. 2, rendering Crim. R. 11(E) applicable. That provision parallels Traf. R. 10(D) and states, in part:

"*** In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.

"***."

This court has warned that a failure to inform a defendant of the safeguards required by Crim. R. 11 is inherently prejudicial. *State v. Walton* (1977), 50 Ohio App. 2d 386, 388. See, also, *Eastlake v. DeNiro* (1984), 21 Ohio App. 3d 102.

In the instant case, there was no dialogue of any kind between the trial court and Luhrs personally at the time the no contest plea was accepted. We have held previously that Crim. R. 11 demands a "meaningful dialogue" which explains the effect of a no contest plea. *State v. Joseph* (1988), 44 Ohio App. 3d 212. A written waiver of these guarantees absent discussion will not suffice. *Garfield Heights v. Brewer* (1984), 17 Ohio App. 3d 216. This court has explained that Crim. R 11(E) places its obligations directly upon the trial judge, and neither counsel nor anyone else may satisfy this duty, although counsel in this case was undoubtedly aware of the requirements. *State v. Minor* (1979), 64 Ohio App. 2d 129.

On a second level, no record exists by which this court can examine the entry of Luhrs' no contest plea. A voluntary, knowing, and intelligent Plea of no contest cannot be presumed from a silent record. *Boykin v. Alabama* (1969), 395 U.S., 238, 242-244. In a case similar to the one sub judice, this court recently reversed a conviction for a petty misdemeanor on the grounds that no record of the acceptance of a no contest plea existed for review. *State v. White* (Aug. 15, 1990), Medina App. No. 1888, unreported. We rule similarly today.

*Assignment of Error VI.*

"The trial judge committed error prejudicial to the defendant by denying his motion to suppress the results of the breath test administered to said defendant."

Luhrs argued at the first pre-trial hearing and now urges on appeal that suppression of his breath test results was warranted by the state's failure to produce records of the device's prior calibration check. Ohio Adm. Code 3701-53-04 sets standards for calibrating breath-testing instruments. We conclude both that Luhrs waived his right to raise a challenge to the calibration requirement and that the state, in any event, satisfied its burden of demonstrating substantial compliance with this provision.

R.C. 4511.19(B) requires that a bodily substance secured to establish blood-alcohol content must be analyzed in accordance with ODH-approved methods. The prosecution is not required, however, to affirmatively demonstrate substantial compliance with every ODH regulation as a precondition to admitting alcohol concentration results. See, *e.g., State v. Anguiano* (Feb. 28, 1990), Darke App. No. 1252, unreported. The prosecution's burden arises when the defendant has placed the operator's compliance with a particular regulation directly at issue. See *State v. Gasser* (1980), 5 Ohio App. 3d 217; *State v. James* (1980), 68 Ohio App. 2d 227. By means of a pre-trial motion the defendant must allege specific grounds to support the challenge. *State v. Widder* (Oct. 11, 1989), Tuscarawas App. No. 89-AP-040032, unreported, at 3-5; *Cleveland v. Higgins* (Oct. 26, 1989), Cuyahoga App. No. 56016, unreported, at 4-5. "Shotgun" challenges devoid of clear examples of noncompliance with ODH regulations do not suffice to put the prosecution to its burden. *State v. Long* (March 24, 1989), Clark App. No. 2479, unreported (Fain, J., concurring). An unexcused failure to properly raise such an issue prior to the suppression hearing results in a waiver of those grounds of suppression. Crim. R. 12(B) (3); *State v. McGarry* (July 25, 1990), Summit App. No. 14467, unreported.

In the instant case, Luhrs did not challenge the calibration of the breath-testing device until the end of the suppression hearing. He clearly caught the prosecution off-guard. His motion to suppress alleged, for the most part, that an

improper RFI survey had been conducted. This procedure is entirely distinct from a calibration check.

In the context of this entire motion to suppress, in which the only meaningful, discussion relates to the RFI survey, the single, vague reference to "calibrations" hardly provides adequate notice that the specific provisions of Ohio-Admin. Code 3701-53-04 were to be raised. Even so, the officer's general statement that proper calibration procedures were followed, if accepted by the court, would satisfy such a general allegation.

Contrary to Luhrs' assertions, the prosecution is not required, absent a specific and legitimate dispute, to produce records of compliance with ODH regulations at a suppression hearing. Nothing in either R.C. 4511.19 or Ohio Admin. Code 3701-53 demands such. Where, as here, the facts which could be proven by these records are not properly at issue, a failure to produce does not require suppression of the test results.

This assignment of error is overruled.

### Assignment of Error VII

"The trial court committed error prejudicial to defendant by admitting copies of public records into evidence contrary to the mandates of Evidence Rule 902, Evidence Rule 1002, Ohio Revised Code Section 2317.42, Criminal Rule 27, and Civil Rule 44."

Luhrs does not address this assignment of error in his brief to this court. Moreover, the only documents admitted into evidence at the suppression hearing were the RFI survey reports; yet Luhrs does not now challenge that the survey was properly conducted. This court is therefore uncertain as to the basis of this claim.

At the pre-trial hearing, Officer Underwood identified the pertinent document as one he had personally completed. When the prosecution moved to admit its sole exhibit into evidence, Luhrs did not object. Error may not be predicated upon a ruling which admits evidence when no objection is made. Evid. R. 103(A)(1). Nor is this a case of plain error. Evid. R. 103(D); Crim. R. 52(B). This assignment of error is therefore not well taken.

### Assignments of Error

"II. The trial court erred in finding the appellant builty [sic] of violating O.R.C. 4511.19(A) (3) prohibiting a breath alcohol content equal to or exceeding .10 grams per 210 liters of breath while driving.

"VIII. The record demonstrates that the judgment of the trial court was against the manifest weight of the evidence in that the breath test should have been excluded as evidence."

These assignments of error seek a reversal of Luhrs' conviction under R.C. 4511.19(A) (3). Given our disposition of the plea procedure issue, we overrule these assignments.

### Conclusion

The trial court's acceptance of Luhrs' no contest plea and subsequent determination of guilt on the charge of operating a motor vehicle with a prohibited alcohol level, R.C. 4511.19(A)(3), are reversed. The court's rulings regarding the admission of the breath test results and RFI survey reports are affirmed. This case is therefore remanded for further proceedings consistent with this opinion.

QUILLIN, J., and BAIRD, J., concur.