[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
These are appeals from the judgment of conviction and sentence by the Marysville Municipal Court of Union County, Ohio, for a violation of R.C. 2917.11, persistent disorderly conduct, a misdemeanor of the fourth degree, and R.C. 2921.33, resisting arrest, a misdemeanor of the second degree.
On October 16, 1997, Defendant-appellant, Don W. Madden [Madden], was arrested for obstructing official business, in violation of R.C. 2921.31 and resisting arrest, in violation of R.C. 2921.33. On October 22, 1997, Madden pled not guilty to the charges and requested a jury trial.
On December 22, 1997, as the result of plea negotiations, the State amended its complaint, reducing the obstructing official business charge to persistent disorderly conduct, in violation of R.C. 2917.11. The resisting arrest charge remained intact. In return, Madden pled no contest to the amended charges and the matter immediately proceeded to sentencing. For the persistent disorderly conduct charge, the court rendered a fine of $250.00 and a thirty day suspended jail sentence. A fine of $250.00 and a thirty day imprisonment with twenty-seven days suspended was the sentence for the resisting arrest charge. The court further suspended $150.00 of the total fine from each conviction.
This appeal was then filed and the following are Madden's assignments of error:
 I. The court erred when it failed to aprise [sic] Defendant-appellant of the affect [sic] of his pleas of no contest prior to accepting such pleas in a misdeamnor [sic] case with the possibility of imprisionment [sic]. This constituted predicial [sic] error since a meaningful dialog [sic] between the court and Defendant-appellant was required by Rule 11(E) of the Ohio Rules of Criminal Procedure.
 II. The court erred in finding the defendant-appellant guilty of disorderly conduct when the only conduct of Defendant-appellant was making some course [sic] utterances of the presence of the officer. [Sic.]
 III. A lawful arrest is an element of the crime of resisting arrest; the court erred when it found the defendant-appellant guilty of resisting arrest when the element of a lawful arrest was missing.
Thereafter, Madden filed a motion in this Court to consolidate the records of the persistent disorderly conduct, case number 14-98-4, and resisting arrest, case number 14-98-5, convictions. On May 14, 1998, Madden's motion for consolidation was granted with filings made under case number 14-98-4.
Madden's first assignment of error asserts that when the trial court accepted his no contest plea, it failed to follow the mandates of Crim.R. 11(E),[1] which states, in pertinent part:
 (E) Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
An identical argument to Madden's was raised in State v.Beatley (Mar. 21, 1996), Logan App. No. 8-96-20, unreported. In that decision, Judge Bryant wrote:
 [Crim.R. 11(E)] requires that the record affirmatively show that a plea of no contest was entered voluntarily, intelligently, and knowingly. Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216 [, 218] * * *. In addition, the court must engage in a meaningful dialogue with the defendant whenever the possibility of incarceration exists. State v. Joseph (1988), 44 Ohio App.3d 212 [, 213] * * *. See also State v. Hess (Dec. 13, 1991), * * * Mercer App. No. 10-91-4, unreported and State v. Davis (Apr. 8, 1992), * * * Hardin App. No. 6-90-20, unreported. The duty to discuss the consequences of a plea is the trial court's and may not be satisfied by counsel. State v. Minor (1979), 64 Ohio App.2d 129[, 131] * * *. The requirements of Crim.R. 11(E) are mandatory, and a failure to inform a defendant of his or her rights as required is prejudicial. State v. Luhrs (1990), 69 Ohio App.3d 731[, 735] * * *.
 Here, there is nothing on the record to show that Beatley was ever informed of the effect of his changing his plea to no contest. "A voluntary, knowing, and intelligent plea of no contest cannot be presumed from a silent record." Id. at 735 (citing Boykin v. Alabama (1969), 395 U.S. 238 * * *). Instead, the trial court merely went on with the finding of guilt.
* * *
 At no point did the trial court ask Beatley if he understood that he was waiving his right to a trial, his right to confront witnesses, or what the maximum sentence could be. Nor did the trial court question Beatley to determine if the plea was made voluntarily, knowingly, and intelligently. There was no dialogue of any kind between the trial court and Beatley personally at the time the no contest plea was accepted. There was no written waiver of rights. Considering these facts, we find that the trial court failed to engage in a meaningful dialogue with Beatley as required by Crim.R. 11[.]
In this case, the following is the discussion which took place at the December 22, 1997, trial court hearing:
 The Court: State of Ohio versus Don Madden. Good Morning, [Defense Counsel].
 [Defense Counsel]: Good Morning, Judge. This comes on for change of plea this morning, your Honor.
 The Court: Okay. I have an obstructing official business and a resisting arrest, files on both of those two.
 [Prosecuting Attorney]: Your Honor, on the obstructing, I had agreed to amend that to persistent disorderly conduct, and the defendant is going to enter a plea on the resisting.
[Defense Counsel]: That's correct, your Honor.
 The Court: I take it there's no objection to the amendment of the obstructing case?
[Defense Counsel]: No, your Honor.
 The Court: That's obstructing official business. All right. And what plea does he wish to enter on the amended charge of obstructing official business?
[Defense Counsel]: No contest, your Honor.
 The Court: And how about the resisting arrest charge?
[Defense Counsel]: No contest.
 The Court: Do you contest to a finding, or do you want — actually, I need a statement of facts anyway. Do you want to give a statement on this one [Prosecuting Attorney]?
* * *
 The Court: Okay. I make a finding of guilty based on that statement. How about any statements in mitigation, [Defense Counsel]?
* * *
As in the Beatley case, there was "no dialogue of any kind between the trial court and [Madden] personally at the time the no contest plea was accepted." The record is devoid of any indication that the trial court personally addressed Madden regarding the effect of a no contest plea. The trial court failed to comply with even the most minimal aspects of Crim.R. 11, in that Madden was not advised that such a plea could result in a finding of guilt. Moreover, Madden was not informed of his potential sentence, his waiver of other associated rights, or of the court's obligation to ensure that his no contest plea was made voluntarily, knowingly and intelligently. Instead, upon the proffer of Madden's no contest plea, the trial court requested a statement of the facts from the State. From there, the court proceeded immediately to a finding of guilt and sentencing.
Although the "Waiver of Trial by Jury" form on which Madden changed his plea to no contest warned him that checking the box marked "plea" could result in the imposition of incarceration and/or fines, the effect of a no contest or guilty plea was not detailed. Moreover, written waivers or statements are insufficient to constitute meaningful dialogue between the court and defendant. Garfield Heights v. Gipson (1995), 107 Ohio App.3d 589,593; State v. Mascaro (1991), 81 Ohio App.3d 214, 216;Brewer, 17 Ohio App.3d at 218.
Upon consideration of these facts and since a valid no contest plea cannot be presumed from a silent record, Luhrs,69 Ohio App. 3d at 735, we conclude that when the trial court accepted Madden's no contest plea, it failed to comport with the meaningful dialogue requirement of Crim.R. 11(E). For the foregoing reasons, the first assignment of error is sustained, Madden's previously reached plea agreement is vacated and the original charges of obstructing official business, in violation of 2921.21, and resisting arrest, in violation of R.C. 2921.33, are reinstated.
In view of our conclusions regarding the first assignment of error, the second and third assigned errors are now moot. Accordingly, we decline to address them. App. R. 12(A).
In sum, Madden's first assignment of error is sustained and the remaining assignments of error are moot. Therefore, the judgments of the Marysville Municipal Court, Union County, Ohio are reversed and this matter is remanded to that court for proceedings consistent with this opinion.
Judgments reversed and causes remanded.
 HADLEY and EVANS, JJ., concur.
[1] A "petty offense" is defined in Crim.R. 2(D) as a "misdemeanor other than a serious offense." A "serious offense" is a misdemeanor which carries a possible penalty of incarceration for more than six months. Crim.R. 2(C). The maximum incarceration period which Madden could have received for a disorderly conduct conviction was 30 days and 90 days for resisting arrest. R.C. 2929.21(2), (4). Thus, Madden was charged with committing petty offenses and Crim.R. 11(E) applies.