OPINION
Defendant-appellant Jerry Carter brings this appeal from the judgment of the Municipal Court of Shelby County.
On November 11, 1999, Carter was spotted by an off duty deputy driving a vehicle. The deputy recognized Carter and knew that he was driving without a license. The deputy did not stop Carter nor issue a citation at that time. Three days later, the Deputy issued a citation to Carter at his place of employment. On November 22, 1999, Carter entered a plea of not guilty to the charge. Carter then, on June 7, 2000, entered a plea of no contest to a charge of operating a vehicle without an operator's license. Carter was found guilty and sentenced to six months in jail. On June 13, 2000, Carter filed his notice of appeal. Carter filed his brief on August 23, 2000. The State has not filed a brief in this case.
Carter alleges the following assignments of error.
 The trial court erred to the prejudice of Carter and in violation of rights conferred by Article I, Section 10 of the Ohio Constitution in accepting a plea from Carter when Carter was not fully informed as to all the consequences of said plea pursuant to Crim.R. 11 and in failing to inquire and determine whether Carter's plea was entered voluntarily, intelligently and knowingly.
 The trial court erred by concluding the officer was competent to testify.
 In the first assignment of error, Carter claims that the plea should be vacated because the trial court failed to comply with Criminal Rule 11. At the hearing, Carter was charged with driving without a license in violation of R.C. 4507.02, a misdemeanor of the first degree.
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
 Crim.R. 11(E). This rule requires that the record affirmatively show that a plea of no contest was entered voluntarily, intelligently, and knowingly. Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216, 479 N.E.2d 309. In addition, the court must engage in a meaningful dialogue with the defendant whenever the possibility of incarceration exists. State v. Joseph (1988), 44 Ohio App.3d 212, 542 N.E.2d 690. The duty to discuss the consequences of a plea is the trial court's and may not be satisfied by counsel. State v. Minor
(1979), 64, Ohio App.2d 129, 411 N.E.2d 822. The requirements of Criminal Rule 11(D) are mandatory, and a failure to inform a defendant of his rights as required is prejudicial. State v. Luhrs (1990), 69 Ohio App.3d 731, 591 N.E.2d 1251.
Here, the record shows that the trial court never informed Carter of the effect of his change of plea. "A voluntary, knowing, and intelligent plea of no contest cannot be presumed from a silent record." Id. at 735, 591 N.E.2d at 1253. Instead, the trial court merely went on with the finding of guilt.
 Mr. Buecker: I conferred with my client, per the prosecuting attorney. We would ask for permission to amend the charge with the Prosecution's consent to a no operator's license and to enter a no contest plea and to make a statement on his behalf.
* * *
 The Court: Mrs. Thieman, is do you have any objection to that?
 Mrs. Thieman: No, your Honor. It appears that's the proper charge and that possibly he was not under suspension and that it was due to a Court/BMV record, but he does have an expired license.
 The Court: Okay. Thank you. And Mr. Carter, your plea to that charge is amended?
Mr. Buecker: No contest.
Mr. Carter: No contest, yes.
 The Court: The court will enter a plea and make a finding of guilty. What statements do you have?
 At no point did the trial court ask Carter if he understood that he was waiving his right to a trial, his right to confront witnesses, or what the maximum sentence could be. Nor did the trial court question Carter to determine if the plea was made voluntarily, knowingly, and intelligently. There was no dialogue of any kind between the trial court and Carter personally at the time the no contest plea was accepted. No written waiver of rights is present in the record. Considering these facts, we find that the trial court failed to comply with Criminal Rule 11 and sustain Carter's first assignment of error.
 Carter argues in the second assignment of error that the courtshould not have permitted the deputy to testify because to do soviolated R.C. 4549.15. This issue is not properly before usbecause the deputy did not testify. At the time, Carter hadadmitted to the facts as stated in the amended citation byentering a plea of no contest. Thus, no testimony was necessaryand the trial court did not need to address whether the officerwould be permitted to testify. The second assignment of error isoverruled
The judgment of the Municipal Court of Shelby County is reversed and remanded to that court for further proceedings.
SHAW and WALTERS, JJ., concur.