OPINION
Defendant-appellant Danielle Payne appeals the decision of the Harrison County Court which denied her motion to withdraw her guilty plea. For the following reasons, the judgment of the trial court is reversed and this cause is remanded with orders to permit appellant to withdraw her plea.
On August 18, 1999, six horses belonging to appellant were seized during the execution of a search warrant by the Harrison County Sheriff's Department. On September 1, 1999, appellant was charged with one count of cruelty to animals, a second degree misdemeanor, in violation of R.C.959.13(A)(1). That same day, she appeared for her arraignment without counsel.
At the arraignment, the state presented a detailed plea agreement with extensive conditions concerning appellant and her horses. Appellant then pled guilty. She was immediately sentenced under the plea agreement to three years of probation. She was also ordered to pay restitution to the Harrison County Humane Society and to attend a horse management program.
On October 12, 1999, appellant filed a motion to set aside her conviction alleging that her uncounseled guilty plea was not entered knowingly, voluntarily or intelligently. The motion was premised on various grounds, one being that the court failed to inform her of the effect of her plea as required by Crim.R. 11 (E). The court heard arguments on the motion on November 3, 1999. On January 24, 2000, the court denied appellant's motion to vacate her plea. Appellant filed timely notice of appeal.
Appellant's sole assignment of error provides as follows:
 "Where, in a misdemeanor case in which imprisonment is possible, a trial court accepts a guilty plea without first engaging the accused in a meaningful dialogue to ensure that the plea is entered voluntarily, intelligently, and knowingly, it is error for the trial [court] to deny the accused's motion to vacate the plea."
Appellant pled guilty to a second degree misdemeanor which carries a maximum jail sentence of ninety days and thus constitutes a petty offense. Crim.R. 2(C) and (D). Pursuant to Crim.R. 11(E), a court shall not accept a plea of guilty or no contest in a misdemeanor case involving a petty offense "without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
In Boykin v. Alabama (1969), 395 U.S. 238, the United States Supreme Court held that the United States Constitution mandates that a pleading defendant be advised of the right to a jury trial, the right to confront accusers and the right to refuse to testify. In State v. Ballard (1981),66 Ohio St.2d 473, the Ohio Supreme Court listed the three Boykin rights and added the need to advise a pleading defendant of his right of compulsory process for obtaining witnesses. Id. at 478.
Therefore, in order to properly disclose to a defendant "the effect of the plea," the court must advise the defendant that by entering his plea, he is waiving his right to a trial by jury, to cross-examine witnesses, to compulsory process and to assert his privilege against self-incrimination at a trial where the state would have the burden to prove him guilty beyond a reasonable doubt. State v. Moore (1996),111 Ohio App.3d 833, 838 (where this court reminded the trial court that it must advise the defendant of the Fifth and Sixth Amendment rights being waived by the plea); State v. Warren (Dec. 13, 1999), Mahoning App. No. 98CA69, unreported, 2 (reversing a plea under Crim.R. 11(E) where the court failed to address the rights set forth above). Especially where imprisonment is an option, the record must affirmatively establish that the court engaged in a meaningful dialogue that includes disclosure of the waived rights to the defendant and the defendant's actual waiver of the rights. State v. Brum (June 29, 2000), Columbiana App. No. 99CO28, unreported 1-2; State v. Jones (Dec. 20, 1999), Mahoning App. No. 98CA165, unreported, 2. A failure in this regard is inherently prejudicial. State v. Luhrs (1990), 69 Ohio App.3d 731, 735; Brum, Columbiana App. No. 99CO28, at 2. See, also, State v. Stewart (1977),51 Ohio St.2d 86, 88-89 (stating that prejudice must be alleged in cases where the court fails to inform the defendant of Crim.R. 11 disclosures that are nonconstitutional and implying that failure to inform the pleading defendant of the constitutional rights being waived does not require a showing of prejudice).
In the case at bar, the court did engage in some dialogue with appellant. For instance, the court asked appellant if she understood her rights with respect to the charge and the pleas available to which appellant responded in the affirmative. (Tr. 1). The court also told appellant that she was giving up her right to a trial. (Tr. 5). However, this is not substantial compliance with the constitutional requirement of advising a pleading defendant of the right to a trial by jury. SeeBallard, 66 Ohio St.2d at 481 (where the Court found substantial compliance where the trial court mentioned a jury and later mentioned the right to a fair trial). In this case, there is no mention of a jury.
Moreover, the record is devoid of any mention that appellant was waiving the right to confront her accusers, the right to subpoena witnesses or the right to claim her privilege against self-incrimination. As this court has repeatedly held, the failure to inform appellant of these constitutional rights prior to accepting her plea of guilty in a petty offense with a chance of imprisonment requires a reversal of her conviction and a remand of the case.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded to the trial court with orders to permit appellant to withdraw her plea. Judgment shall be entered accordingly.
Donofrio, J., concurs, Waite, J., concurs.