DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Court judgment of conviction and sentence. The trial court found Kenneth E. Harris, defendant below and appellant herein, guilty of the following offenses: (1) operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(3); (2) failing to wear a helmet, in violation of R.C. 4511.53; and (3) driving outside the scope of a permit, in violation of R.C. 4507.02.
 {¶ 2} Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
"The Trial Court Erred In That Its Verdict Manifestly Disregarded The Weight Of The Evidence."
SECOND ASSIGNMENT OF ERROR:
"The Trial Court Erred In That The Evidence Of The State Of Ohio Was Legally Insufficient To Sustain The Trial Court's Verdict Without Expert Testimony Being Presented."
 {¶ 3} On August 24, 2002, at approximately 1:30 a.m., Manchester Village Chief of Police Randy Walters and Officer David Barlow, while on routine patrol, observed a motorcycle leaving the Hard Times Saloon. The motorcycle attracted Chief Walters's attention because it was extremely noisy and it appeared to be speeding. After setting his radar, Chief Walters clocked the motorcycle at forty-nine miles per hour, which exceeded the twenty-five mile per hour speed limit.
 {¶ 4} Chief Walters activated the patrol vehicle's lights and pursued the motorcycle. While in pursuit of the motorcycle, the patrol vehicle traveled over eighty-five miles per hour. After a few minutes, the officers observed the motorcycle drive off the roadway and into a residential yard.
 {¶ 5} As the motorcycle slowed to turn off of the roadway, Chief Walters saw the motorcycle driver's profile and noticed that the driver was not wearing a helmet. Chief Walters identified the driver as Appellant Harris. Chief Walters explained that he previously had met appellant and that he knew where appellant lived.
 {¶ 6} Chief Walters and Officer Barlow then followed the motorcycle into the yard. The officers lost sight of appellant for five to ten seconds and eventually caught up with appellant while appellant was walking up the back porch steps. At 2:17 a.m., a breath alcohol test was administered and appellant registered at .244.
 {¶ 7} On August 26, 2002, appellant was charged with the following offenses: (1) operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(3); (2) speeding, in violation of R.C. 4511.21; (3) failing to wear a helmet, in violation of R.C.4511.53; and (4) driving outside the scope of a permit, in violation of R.C. 4507.020.
 {¶ 8} On November 4, 2002, the court conducted a bench trial. Prior to trial, appellant stipulated that the breath alcohol test revealed an breath alcohol concentration of .244. Appellant did not challenge the accuracy of the test or how the test was administered. Instead, appellant advised the trial court that he contested only whether he operated a vehicle while under the influence of alcohol.
 {¶ 9} At trial, appellant denied that he was under the influence of alcohol at the time he left the Hard Times Saloon to drive home. Appellant further denied that he operated the motorcycle that the officers had followed to his house. Appellant testified that throughout the day, he consumed several beers. He stated that he began drinking beer around 3:00 or 4:00 p.m., and that he continued this activity until he left the Hard Times Saloon. Appellant claimed that he arrived home at approximately 1:00 a.m. Appellant also testified that before Chief Walters and Officer Barlow arrived at his home, he quickly consumed several beers. Appellant claimed that his consumption of beer before the officers' arrival explains why his breath alcohol concentration was .244 when tested at 2:17 a.m. Appellant asserted that had the officers tested him when he first arrived home from the Hard Times Saloon, he would have tested under the legal limit.
 {¶ 10} On November 7, 2002, the trial court found appellant guilty of all offenses, except speeding. On December 30, 2002, the trial court sentenced appellant. Appellant filed a timely notice of appeal.
 I {¶ 11} In his first assignment of error, appellant asserts that the trial court's judgment is against the manifest weight of the evidence. Appellant contends that the evidence reveals that he consumed five or six beers over the course of ten hours, and later, when he arrived home at approximately 1:00 a.m., he consumed several more beers before the officers arrived. Appellant implies that he became under the influence after he arrived at his home, not before he drove his motorcycle home.
 {¶ 12} Appellant further appears to argue that the trial court should not have considered any evidence that the officers obtained after arresting appellant at his home. Appellant asserts that the officers decided to stop appellant for speeding and, because the trial court ultimately found appellant not guilty of the speeding violation, any evidence obtained as a result of the stop should not be considered. Appellant asserts, in essence, that a not guilty verdict on a particular charge would require a trial court to disregard any evidence obtained as a result of that charge. We disagree with appellant's arguments.
 {¶ 13} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence and consider the credibility of witnesses, while bearing in mind that credibility generally is an issue for the trier of fact to resolve. See State v.Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Thomas
(1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact finder, in resolving conflicts in evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541 (quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717). If the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. See State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 14} In the case at bar, the state presented more than ample, competent and credible evidence to support appellant's conviction for operating a motor vehicle while under the influence.[1] The officers testified that they observed appellant operating a motorcycle at 1:30 a.m. The record further contains evidence that appellant was under the influence while driving the motorcycle. The officers stated that appellant was out of their sight for only a few seconds. Common sense dictates that appellant could not have consumed enough beers between the few seconds that he was absent from the officers' view to push him well-over the statutory limit. Instead, a fact-finder could reasonably infer that at the time appellant arrived home, he already was over the legal limit.
 {¶ 15} Furthermore, we note that appellant did not challenge the admissibility of the breath alcohol test results. In fact, appellant stipulated to a breath alcohol concentration of .244. R.C. 4511.19(D)(1) allows the state to introduce evidence of a breath alcohol test. The statute provides:
"In any criminal prosecution * * * for a violation of [R.C.4511.19(A)(3)] * * * with a prohibited concentration of alcohol in the blood, breath, or urine, the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation."
 {¶ 16} When the Ohio General Assembly enacted R.C. 4511.19, it determined "that breath tests, properly conducted, are reliable irrespective that not all experts wholly agree and that the common law foundational evidence has, for admissibility, been replaced by statute and rule," and that the Director of Health, not the courts, possesses the discretionary authority for adoption of appropriate tests and procedures, including breath test devices. State v. Vega (1984),12 Ohio St.3d 185, 188-189, 465 N.E.2d 1303 (quoting State v. Brockway
(1981), 2 Ohio App.3d 227, 232, 441 N.E.2d 602); see, also, State v.Witten (1990), 67 Ohio App.3d 135, 140, 586 N.E.2d 203. As the court explained in State v. Ulrich (1984), 17 Ohio App.3d 182, 191,478 N.E.2d 812:
"Clearly, it is the intent of the Ohio Legislature in prosecutions under R.C. 4511.19(A)(3) to have admitted, as evidence of the alleged offender's concentration of alcohol in the alleged offender's breath at the time of the alleged offense, a chemical analysis of the alleged offender's breath provided that the breath sample was withdrawn according to established guidelines. It is a legislative determination that a breath sample withdrawn within two hours of the alleged offense will accurately reflect the alleged offender's alcohol content, by weight, in the withdrawn breath sample at the time of the alleged offense. Thus, the amount of alcohol concentration in the alleged offender's breath at the time of the alleged offense is shown by a chemical analysis of a sample of the alleged offenders breath which is withdrawn within two hours of the time of the alleged violation."
 {¶ 17} If a defendant wishes to challenge the test's admissibility or whether the test was properly administered, the defendant must do so in a pretrial motion to suppress. See State v. French (1995),72 Ohio St.3d 446, 650 N.E.2d 887, paragraph one of the syllabus; Statev. Cooper (1997), 120 Ohio App.3d 284, 289, 697 N.E.2d 1049; State v.Luhrs (1990), 69 Ohio App.3d 731, 736, 591 N.E.2d 1251. Otherwise, the evidence is admissible. French.
 {¶ 18} In the case at bar, appellant did not file a pretrial motion to suppress to challenge the admissibility of the breath alcohol test results. Therefore, appellant waived any objections to the test results admissibility or to whether the test was properly administered. See French, supra. Appellant may not now claim that the breath test did not accurately reflect the level of his breath alcohol concentration at the time he operated the motor vehicle. As we stated above, R.C. 4511.19(D) states that a breath test is admissible if conducted within two hours of the alleged operation of a motor vehicle. Even assuming appellant's testimony that he last operated his motor vehicle at 1:00 a.m., appellant's test, conducted at 2:17 a.m., was administered within two hours of the alleged violation. The trial court therefore could properly conclude that the breath sample accurately reflected appellant's breath alcohol concentration at the time of the offense. See State v. Walton
(June 30, 1999), Fairfield App. No. 98CA46 (stating that "a breath sample withdrawn within two hours of the alleged offense has been legislatively determined to accurately reflect the alleged offender's alcohol content at the time of the alleged offense").
 {¶ 19} Within his first assignment of error, appellant further asserts that because the trial court ultimately found him not guilty of the speeding charge, the law enforcement officers lacked probable cause to stop and arrest him. Appellant therefore argues that pursuant to the Exclusionary Rule, the trial court should have disregarded any evidence flowing from his arrest. We disagree.
 {¶ 20} "The exclusionary rule operates as a judicially created remedy designed to safeguard against future violations ofFourth Amendment rights through the rule's general deterrent effect." Arizonav. Evans (1995), 514 U.S. 1, 10-11, 115 S.Ct. 1185; see, also, UnitedStates v. Leon (1984), 468 U.S. 897, 906, 104 S.Ct. 3405, 3411-3412,82 L.Ed.2d 677. When an officer's conduct is objectively reasonable, the exclusionary rule generally will not apply. See Evans, 514 U.S. at 12;Leon, 468 U.S. at 919-920.
 {¶ 21} We note that appellant did not file a motion to suppress evidence. Generally, a challenge to the admissibility of evidence obtained without probable cause or reasonable suspicion must be raised in a pretrial motion to suppress evidence. See Crim.R. 12(C)(3);[2]
Crim.R. 12(H) (stating that a defendant's failure to "raise defenses or objections or to make requests that must be made prior to trial * * * shall constitute a waiver of the defenses or objections). The proper time to object to the admission of evidence is not after the trial court has rendered a verdict. See, generally, State v. Stuber, Allen App. No. 1-02-66, 2003-Ohio-982 (concluding that a defendant may not use a Crim.R. 29(A) motion for judgment of acquittal to challenge the admissibility of evidence that a trial court already has admitted).
 {¶ 22} Furthermore, we disagree with appellant that the trial court's decision to acquit appellant on the speeding charge requires the application of the Exclusionary Rule to suppress all of the evidence collected after appellant's arrest. We readily acknowledge that an unlawful arrest that is not supported by probable cause, or an investigative stop that is not supported by a reasonable, articulable suspicion of criminal activity, would violate the Fourth Amendment to the United States Constitution and would require that any evidence derived from the unlawful arrest or investigative stop be suppressed. Appellant, however, asserts that the fact that the trial court, acting as the trier of fact, ultimately concluded that the prosecution had not proven the speeding violation beyond a reasonable doubt also requires the suppression of evidence obtained after appellant's arrest. We disagree. The critical issue in deciding to suppress evidence is whether the law enforcement officer possessed probable cause or a reasonable, articulable suspicion to stop and detain a suspect, not whether a suspect is ultimately acquitted of the criminal charge.
 {¶ 23} Consequently, we disagree with appellant that the trial court's verdict is against the manifest weight of the evidence.
 {¶ 24} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 25} In his second assignment of error, appellant argues that insufficient evidence exists to support his conviction. Appellant asserts that expert testimony was necessary to establish that he was under the influence while operating a motor vehicle.
 {¶ 26} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380,386, 678 N.E.2d 541 (stating that "sufficiency is the test of adequacy"); Jenks, 61 Ohio St.3d at 273. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. See State v. Issa (2001),93 Ohio St.3d 49, 66, 752 N.E.2d 904 (citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks,61 Ohio St.3d at 273). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). Reviewing courts will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. SeeState v. Tibbetts (2001), 92 Ohio St.3d 146-749 N.E.2d 226; State v.Treesh (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.
 {¶ 27} Employing the above standard, we believe that in the case sub judice the state presented sufficient evidence from which a trier of fact could conclude, beyond a reasonable doubt, that appellant committed the offense of operating a motor vehicle while under the influence of alcohol.[3] As we explained under appellant's first assignment of error we believe that the record contains ample evidence to support appellant's conviction.
 {¶ 28} Furthermore, we disagree with appellant that the state was required to introduce expert testimony to show that he was under the influence. As we noted above, R.C. 4511.19(D) eliminates the need for expert testimony to demonstrate a criminal defendant's level of intoxication. See Ulrich, 17 Ohio App.3d at 191 (stating that "expert testimony is not necessary to correlate intoxilyzer test results to the time of the alleged offense").
 {¶ 29} Through its enactment of R.C. 4511.19, the Ohio General Assembly declared that the common-law evidentiary foundational requirements for scientific evidence need only be established if a defendant objects and requests the trial court to ensure compliance by the state. Thus, a defendant "may challenge the accuracy of his specific test result through the use of expert testimony to show that he could not have produced the test result
 {¶ 30} claimed by the prosecution under those circumstances."Columbus v. Day (1985), 24 Ohio App.3d 173, 493 N.E.2d 1002, syllabus. However, the defendant must challenge the accuracy of an alcohol breath or blood test result in a pretrial motion. See French, paragraph one of the syllabus; State v. Cooper (1997), 120 Ohio App.3d 284, 289,697 N.E.2d 1049; State v. Luhrs (1990), 69 Ohio App.3d 731, 736,591 N.E.2d 1251 see, also, Akron v. Tomko (Nov. 3, 1999), Summit App. No. 19253.
 {¶ 31} We again note that appellant did not file a pretrial motion to suppress the breath test results. In fact, appellant stipulated to its admission. Therefore, appellant has waived any argument concerning the test result's reliability or admissibility.
 {¶ 32} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Appellant does not argue that the trial court's convictions for the helmet violation and the permit violation are against the manifest weight of the evidence. Instead, appellant's manifest weight argument focuses upon the trial court's judgment convicting appellant of operating a motor vehicle while under the influence.
[2] {¶ a} Crim. R. 12(C)(3) provides:
{¶ b} Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the of the general issue. The following must be raised before trial:
{¶ c} (3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.
[3] As with his first assignment of error, appellant focuses his argument in his second assignment of error upon the trial court's OMVI conviction. Appellant does not argue that the trial court's convictions for the helmet violation and the permit violation are based upon insufficient evidence.