THE STATE OF OHIO, APPELLEE, *v.* JOSEPH, APPELLANT.

(No. 2325—Decided April 6, 1988.)

*Elizabeth A. Izant,* assistant prosecuting attorney, for appellee.

*William G. Rickett,* for appellant.

CACIOPPO, J. Defendant-appellant, Nicodemus Joseph, was charged with one count of menacing. R.C. 2903.22. At his arraignment on June 12, 1987, Joseph was not represented by counsel, but was informed by the court that the charge was a fourth degree misdemeanor punishable by a fine of up to $250 or up to thirty days in jail, or both. Joseph pleaded not guilty.

Thereafter, Joseph retained an attorney and appeared again before the trial court on July 31, 1987, when he changed his plea to no contest. His counsel stipulated to his guilt. The trial court accepted the plea, found Joseph guilty, and ordered a pre-sentence investigation. On September 14, 1987, Joseph was ordered to pay $250, plus

court costs, and sentenced to five days in the Wayne County Jail; the sentence was stayed pending this appeal.

### Assignment of Error I

"Appellant's plea of guilty and his waiver of his rights was not done in a knowing, intelligent and voluntary manner and is therefore invalid."

Crim. R. 11(E) provides in relevant part:

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."

This rule requires that the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently, and knowingly. *Garfield Heights* v. *Brewer* (1984), 17 Ohio App. 3d 216, 218, 17 OBR 458, 460-461, 479 N.E. 2d 309, 312-313. See, also, *State* v. *Quarles* (May 6, 1987), Medina App. Nos. 1543 and 1545, unreported. A meaningful dialogue between the court and the defendant is required; this requirement applies in misdemeanor cases with a possible penalty of imprisonment. *Brewer, op. cit.* The record in the instant case fails to show that such a dialogue took place. The trial court never explained the effect of a no contest plea. The following colloquy is the full extent of the explanation afforded by the trial court:

"The Court: Mr. Joseph, do you understand that if you change your plea from Not Guilty to Guilty on this charge you'll be giving up your right to have a trial?

"Mr. Joseph: Yes sir.

"The Court: Is that what you wish to do?

"Mr. Joseph: Yes sir.

"The Court: Your social security number, please, Mr. Joseph?

"Mr. Joseph: Five one five, five four, eight two four four.

"The Court: Would you please review this with your attorney? I'll accept the change of plea. A finding of guilty will be entered. * * *"

The trial judge had handed the defendant a document labeled "waiver of rights" which was a list of the rights waived by his plea of no contest. The record shows that Joseph signed this document.

These actions do not constitute the "meaningful dialogue" that is required; written statements are insufficient. *Brewer, op. cit.* It is troubling to this court that the trial court accepted Joseph's plea while contemporaneously handing him a written waiver to "review" with his attorney. There is also no indication that the trial court thereafter even attempted to satisfy itself that Joseph understood his rights. We caution the trial court to conform any future use of these written waivers to the due process standards set forth above.

Accordingly, appellant's first assignment of error is sustained.

### Assignment of Error II

"Appellant's plea of guilty was induced by the good faith belief that a binding plea bargain had been made for a lesser sentence and said plea is therefore invalid."

The record contains no evidence of any sort of plea bargain referred to in this assignment of error. Assuming there was such evidence, the argument is rendered moot by our disposition of the first assignment of error.

Accordingly, with regard to the first assignment of error, the judgment of the trial court is reversed, appellant's plea is vacated, and the case is remanded to allow the appellant to

plead anew. *State* v. *Ferrell* (Aug. 7, 1985), Medina App. No. 1400, unreported.

BAIRD, P.J., and MAHONEY, J., concur.