[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
Appellant, Kenneth J. Raimer, appeals the judgment entry of the Chardon Municipal Court overruling his motion to withdraw his no contest plea. Appellee, State of Ohio, contends that the trial court's judgment entry must be affirmed.
The record reveals that appellant was charged with two separate counts of disorderly conduct, in violation of R.C. 2917.11(B)(2), arising from one incident with Ohio State Highway Patrol Trooper Steven D. Jefferies ("Jefferies") on June 24, 1988. In Case No. 88-CRB-549, appellant was charged with disorderly conduct by creating a condition which presented a risk of physical harm to himself or another or the property of another. In Case No. 88-CRB-571, appellant was charged because he refused to cooperate with police officers by being loud and using profanity while the driver of the vehicle, in which appellant was a passenger, was being arrested for driving under the influence. On June 27, 1988, appellant failed to make a required appearance before the court in regard to Case Nos. 88-CRB-549 and 88-CRB-571. The trial court then sent appellant a notice ordering him to appear on July 11, 1988, or a bench warrant for his arrest would be issued. Appellant failed to appear before the court in July. Thus, on August 11, 1988, a warrant for appellant's arrest was issued for the Ohio State Highway Patrol to serve.
On February 5, 1990, Sergeant Donald Sallach ("Sallach") encountered appellant and filed a complaint against him regarding that incident on February 8, 1990, for disorderly conduct, in violation of R.C. 2917.11(B)(2), a misdemeanor of the fourth degree, Case No. 90-CRB-151. Consequently, appellant was summoned to appear in court on February 16, 1990. On February 16, 1990, appellant attended his court appearance and was released on his own recognizance in regard to each of the three charges. On March 12, 1990, Attorney George Mineff, Jr. filed a notice stating that he would represent appellant for each offense.
At a hearing conducted on March 27, 1990, appellant, with his attorney present, entered a plea of "No Contest" to the disorderly conduct charge in Case No. 90-CRB-151. In a judgment entry dated March 30, 1990, which only references Case No. 90-CRB-151, the trial court stated that appellant entered his plea after appellee recommended that such charge be amended to a minor misdemeanor. In that judgment entry, the trial court also stated that appellant entered his plea only after the court explained to him his rights at trial and the effect of pleading not guilty, no contest, or guilty. After appellant entered his plea, the court narrated to appellant his right to confront and cross-examine witnesses, call witnesses in his behalf, have a trial by a jury or judge, retain the right to remain silent, the fact that appellee must prove him guilty beyond a reasonable doubt, and indicated the maximum possible penalties that could be imposed on him. Finally, appellant's plea was accepted once the court determined that appellant voluntarily, knowingly, and understandingly entered his plea.
Importantly, the record reveals that after accepting appellant's plea, the trial court imposed a fine of $100 plus costs for each of the three offenses in this matter. However, the record does not contain a valid judgment entry for the offenses charged in Case Nos. 88-CRB-549 and 88-CRB-571. Therefore, the conviction for those two offenses was remanded to the trial court for lack of a final appealable order. Thus, this opinion is limited solely to the issues presented on appeal in trial court Case No. 90-CRB-151.
Finally, on July 21, 1997, appellant filed a motion to withdraw his plea of no contest to each of the three charges. On November 25, 1997, the trial court entered judgment overruling appellant's motion to withdraw his plea. On December 23, 1997, appellant timely filed a notice of appeal asserting the following assignments of error:
 "[1.] The no contest plea entered by Raimer was made before he was informed of the rights he was waiving. His plea and sentence are therefore void as a matter of law under the due process clause [sic] of the Fourteenth Amendment. Had Raimer known of his right to a jury trial, as stated in the trial court's journal entry, he would not have entered his plea of no contest but would have proceeded to a jury trial on his not guilty plea. (Emphasis sic.)
 "[2.] Raimer's plea is void in that the trial court did not substantially comply with Ohio Crim. R. 11(C)(2)(c).
 "[3.] As there was no factual basis for Raimer's no contest plea, the trial court erred in entering a judgement upon such a plea.
 "[4.] The trial court's judgement of guilty to two year old charges based on a no contest plea to the current charge violated Raimer's due process `speedy trial' rights.
 "[5.] The trial court erred in overruling Raimer's motion to withdraw plea and petition for writ of error coram nobis."
At the outset, we again note that this opinion is solely limited to addressing the issues presented on appeal which affect Case No. 90-CRB-151. Therefore, appellant's third and fourth assignments of error will not be discussed, as they pertain exclusively to Case Nos. 88-CRB-549 and 88-CRB-571.
In the first assignment of error, appellant claims that his plea was not entered voluntarily, intelligently, and knowingly because the trial court informed him of his Crim.R. 11(C) rights after he entered his plea of no contest.
Crim.R. 32.1 governs the withdrawal of a guilty plea:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
However, if the motion to withdraw a plea is made after sentencing, a defendant "has the burden of establishing the existence of manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Additionally, "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus. Furthermore, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Id. at paragraph three of the syllabus.
Moreover, contrary to appellant's contention, Crim.R. 11(C) only applies to felony cases and, thus, does not apply to this matter. In the case sub judice, the record reveals that appellant only was charged with three minor misdemeanors. Therefore, only either Crim.R. 11(D) or (E) applies to appellant. Crim.R. 11(D) states that it applies to misdemeanor cases involving serious offenses. Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(D) defines "petty offense" as any misdemeanor other than a serious offense. In addition, Crim.R. 4.1(B) defines a minor misdemeanor as "an offense for which the potential penalty does not exceed a fine of one hundred dollars." Consequently, appellant was charged with a misdemeanor involving a petty offense. Thus, Crim.R. 11(E) applies to appellant's situation, not Crim.R. 11(C).
Crim.R. 11(E) states, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." In addition, appellate courts have stated:
 "* * * when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), [the court] should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense." (Emphasis added.) Toledo v. Chiaverini
(1983), 11 Ohio App.3d 43, 44; see State v. Kennerly (May 26, 1989), Portage App. No. 88-P-2001, unreported.
Finally, a court's adherence to Crim.R. 11 creates a presumption that the plea was entered into voluntarily. State v.Perry (May 2, 1997), Trumbull App. No. 95-T-5315, unreported, at 7. The proponent of the motion to withdraw has the burden to show that the plea was not entered voluntarily. Id.
The record reflects the fact that appellant was represented by counsel at the March 27, 1990 hearing, at which he entered his plea of no contest to Case No. 90-CRB-151. Also, the March 30, 1990 judgment entry reveals that the trial court explained to appellant his rights at trial and explained to him the effects of pleading not guilty, no contest, or guilty, before calling upon him to enter his plea. Then, the court explained to appellant his right to confront and cross-examine witnesses; call witnesses in his own behalf; have a trial before a jury or the judge; his right to remain silent; that the State must prove him guilty beyond a reasonable doubt; explained the maximum possible penalties; and determined that appellant voluntarily, knowingly, and understandingly entered his plea, which the court then accepted. Importantly, appellant does not dispute those statements contained in the court's judgment entry, rather, appellant merely contends that his plea should be withdrawn because the trial court explained those rights to him after he had entered his plea.
Crim.R. 11(E) simply states that the trial court shall not accept a plea of guilty or no contest without first having informed the defendant of the effect of the pleas of guilty, no contest, and not guilty. However, the record reveals, and appellant admits, that the trial court explained to him the effects of such pleas before the court accepted his plea. Also, the record evidences that the trial court informed appellant of the rights articulated in Chiaverini. Furthermore, a trial court is not required to inform a defendant of those additional rights, it is only recommended that a court state them. Thus, appellant has failed to demonstrate that the trial court failed to comply with any mandatory procedural requirements. Accordingly, we hold that appellant entered his plea voluntarily, intelligently, and knowingly. Therefore, the first assignment of error is not well-taken.
In the second assignment of error, appellant contends that the trial court did not comply with Crim.R. 11(C)(2)(c) and was denied a "meaningful dialogue" with the court.
As discussed in appellant's first assignment of error, only Crim.R. 11(E) applies to this case. Furthermore, only when there is a possible penalty of imprisonment must the court engage in "meaningful dialogue" with a defendant. State v. Joseph (1988),44 Ohio App.3d 212, 213; see, also, State v. Beatty (Nov. 24, 1995), Geauga App. No. 94-G-1884, unreported. In this matter, appellant pleaded no contest only to a minor misdemeanor charge, which carried a maximum penalty consisting of a $100 fine plus costs. Thus, the "meaningful dialogue" requirement of Crim.R. 11(C)(2)(c) was not invoked. Consequently, appellant's second assignment of error is not well-taken.
In the fifth assignment of error, appellant claims that the trial court erred in overruling his petition for a writ of error coram nobis. However, the writ of coram nobis is no longer recognized in Ohio. State v. Perry (1967), 10 Ohio St.2d 175,180. Therefore, appellant's fifth assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit. Accordingly, the judgment of the Chardon Municipal Court is affirmed. _______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
NADER, J., concur.