The **STATE** of Ohio

v.

**GLENDENNING.**

Court of Common Pleas of Ohio,
Columbiana County.

No. 99 CR 133.

Decided Oct. 26, 1999.

48

*Robert L. Herron,* Columbiana County Prosecuting Attorney, and *John Gamble,* Assistant Prosecuting Attorney, for plaintiff.

*Aronson, Fineman & Davis* and *Joseph Ludovici,* for defendant.

DAVID TOBIN, Judge.

This matter is before the court for preliminary ruling on the admissibility of certain evidence. After a pretrial in this matter, the court invited counsel to present evidence in memorandum or argument relating to one of the prior convictions for driving under the influence on which the state predicates its felony prosecution. The court set this matter for hearing under Evid.R. 104.

Defendant Robert A. Glendenning submitted a memorandum in support of his motion to exclude this testimony and a transcript of proceedings of the July 3, 1997 plea in the underlying DUI offense from the East Liverpool Municipal Court. Counsel for the state offered oral argument in opposition to the motion.

The state contends that the defendant should seek vacation of that plea rather than have this court rule on its admissibility at this stage. The Supreme Court in *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, established a procedure allowing a defendant to raise a constitutional question concerning a prior conviction used to enhance a penalty or the degree of a felony offense at the court in which the prior conviction is sought to be used. See, also, *State v.*

*Schupp* (1999), 100 Ohio Misc.2d 13, 716 N.E.2d 1236 (Common Pleas Court of Licking County). The defendant must present sufficient evidence to establish a prima facie showing of constitutional infirmity. The burden then shifts to the state to show that the prior plea was constitutional. The defendant was correct to raise this in the common pleas court where the felony indictment was pending and does not need to go to the lower court to have the plea first vacated. Since the issue of this prior conviction touches the heart of whether the state can proceed on a felony or misdemeanor, the prior conviction's admissibility is of significance to the posture and proceedings in this case, and a question of law must be determined by the court and should be determined prior to the seating of a jury.

On July 30, 1997, defendant appeared in the East Liverpool Municipal Court and entered a plea of no contest to driving under the influence, R.C. 4511.19, a second offense. He was sentenced to ninety days with eighty suspended and ten consecutive days in the Columbiana County Jail, and a fine of $500. He also pled no contest to reckless operation and was fined. He appeared without an attorney.

The defendant contends that this plea is constitutionally infirm and therefore cannot be used to enhance his present charge from a misdemeanor to a felony. There are two questions raised:

1. Did the defendant knowingly and voluntarily waive his right to counsel or was this plea uncounseled and therefore inadmissible for enhancement purposes?

2. Was the balance of the plea constitutionally infirm and therefore inadmissible?

■ *Right to Counsel* : It is evident from the transcript of the proceedings that the defendant had consulted with an attorney (same counsel as he has in the instant case) prior to appearing in the court for his arraignment. This was evidently a second arraignment on this charge. Evidently he was told by his counsel that he could appear without an attorney and pled no contest. The bailiff presented him with a document entitled "waiver of counsel" (a copy of which does not appear in the record), which he evidently signed. The defendant requested that the case proceed to plea and sentencing. However, the only discussion the court had with the defendant concerning his waiver of the right to an attorney was to ask him if he understood that "we are going to proceed without your having the benefit of an attorney" and asking if in fact he had signed the waiver of right to counsel. Defendant agreed with both.

This is not a sufficient dialogue to determine if the defendant understood his right to counsel and that he, facing imprisonment in the county jail, had a right to have an attorney represent him at these proceedings. A written document

waiving his right is not sufficient. *State v. Joseph* (1988), 44 Ohio App.3d 212, 542 N.E.2d 690.

For this reason alone the former plea is not admissible in this case.

*Crim.R. 11(E)* : The court also did not follow dictates of Crim.R. 11(E). Since the defendant faced only a maximum of six months on this DUI charge, Crim.R. 11(E) applies.[1]

Crim.R. 11(E) states that in misdemeanor cases involving petty offenses, the court "shall not accept such pleas [of guilty or no contest] without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." A string of cases, including two from the Seventh District, have interpreted this rule and set guidelines as to what must be done before accepting a misdemeanor plea in a petty offense.

A waiver of an attorney must appear on the record in open court, and the waiver of constitutional rights must appear affirmatively on the record. *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309. The *Brewer* court held that the plea must be intelligently, voluntarily, and knowingly made by the defendant, and the court must conduct a dialogue to assure itself that the defendant is making such a plea. *Brewer* also seems to say that the court must inform the defendant that he is giving up his right to a trial, to confront witnesses, and his right against self-incrimination.

The court also must explain to the defendant by meaningful dialogue the effect of a no contest plea, that is, that the defendant may and will be found guilty and of the possible maximum and minimum penalties involved. A written document of such rights is not sufficient without verbal dialogue between the court and the defendant. *State v. Joseph* (1988), 44 Ohio App.3d 212, 542 N.E.2d 690; *Garfield Hts. v. Mancini* (1997), 121 Ohio App.3d 155, 699 N.E.2d 132.

In *State v. Moore* (1996), 111 Ohio App.3d 833, 677 N.E.2d 408, the Seventh District Court of Appeals for Columbiana County had occasion to construe both Crim.R. 11(E) and 11(D). In that case, because the defendant faced consecutive six-month sentences, the court held that Crim.R. 11(D) applied and that these were serious misdemeanor offenses, not petty offenses. Defendant had counsel

---

**1.** The defendant contends that Crim.R. 11(D) applies because the defendant also was charged with reckless operation and therefore, according to the defendant, could have faced in excess of six months in jail, making this a serious offense not a petty offense. The court disagrees with this interpretation. Defendant was not sentenced to jail on the reckless operation charge and therefore the plea could be uncounseled. Nothing appears in the record to explain to the court, from the defendant, what possible penalties he faced in this reckless operation charge and whether it carried any jail time or not. Regardless, since the court has found that Crim.R. 11(E) was not followed, the more stringent standards of Crim.R. 11(D) obviously could not have been followed had they applied.

present at the plea. The court still cited *Brewer* with approval and held at a minimum that Crim.R. 11(D) required that the defendant be told of his minimum and maximum sentences, that the sentences could be consecutive, and of the Fifth and Sixth Amendment Rights that he was waiving. The court must do this personally.

The Seventh District also cited *Brewer* with approval in requiring a meaningful dialogue between the defendant and the court in accepting a Crim.R. 11(E) plea. *State v. Richard* (1996), 113 Ohio App.3d 141, 680 N.E.2d 667.

■ Crim.R. 11(E) therefore requires that the court conduct a personal verbal dialogue with the defendant and explain to the defendant at a minimum what will happen if he pleads guilty, what will happen if he pleads no contest, and what will happen if he pleads not guilty. Explaining this to him means explaining the minimum and maximum penalties, including mandatory sentences and fines and license suspensions, the fact that he is giving up a right to a trial to a judge or a jury, the right to confront the witness against him, his right to call witnesses, and his right against self-incrimination. Only by talking with the defendant can the court assure itself that the defendant understands the consequences of his plea.

■ Nowhere in the record of the 1997 plea did the court do most of these things. At the best, the court explained that this was a second offense within a five-year period and that a no contest plea would result in the finding of guilty and a fine of $500, and ten days in jail. The court never explained to the defendant the possible maximum penalties involved, the possible maximum fines, and other sanctions. Nor did the court ever inform the defendant that he was giving up a right to a trial, to testify, or to be proven guilty beyond a reasonable doubt, or any other Fifth or Sixth Amendment rights that apply.

The plea was accepted by the court without following the dictates of Crim.R. 11(E). This court finds that the plea was not constitutionally sound and consequently may not be used as evidence by the state in its case in chief against the defendant. It is therefore excluded from evidence.

*Judgment accordingly.*