OPINION
Defendant, John N. Baba, appeals the judgment of the Franklin County Municipal Court convicting him of menacing by stalking, a violation of R.C. 2903.211 and a misdemeanor of the first degree.
On October 20, 1998, a Columbus police officer filed a complaint in the Franklin County Municipal Court alleging that defendant had committed menacing by stalking in violation of R.C. 2903.211. The complaint alleged that defendant had engaged in a pattern of conduct knowing that it would cause another mental distress. The complaint further alleged that defendant "continues to write explicit letters to victim over a 2 yr. period of which none were solicited or asked for and [defendant] was told on numerous occasions to stop."
On November 2, 1998, defendant appeared with counsel for an arraignment hearing. The hearing involved this case from which this appeal is taken and another case charging defendant with menacing by stalking with respect to another victim. At the arraignment hearing, defendant and his counsel signed a court form stating:
DEMAND FOR JURY TRIAL
 I, the undersigned defendant, hereby enter a plea of NOT GUILTY and request a trial by a jury in the above-captioned case.
 By entering this plea and demand, I acknowledge having been given a copy of the complaint(s) and waive reading of the complaint(s) because I am aware of the substance of the charge(s) filed against me. I understand a plea of not guilty is a denial of the charge(s) filed against me.
The lower part of the court form contains an entry signed by the trial court. Although defendant's counsel did not request an arraignment in absentia, the entry, nevertheless, states:
 The court hereby accepts the defendant's request for arraignment in absentia and enters a NOT GUILTY plea by appearance in open court/in absentia * * *[.]
The record contains a transcript of the proceedings of the November 2, 1998 arraignment hearing. Apparently referring to the fact that defendant had previously signed the "Demand for Jury Trial" form, the court stated, and defendant's counsel responded, as follows:
 THE COURT: Also, for the record, the defendant has previously entered into a not guilty, jury, time not waived on both [cases]. It's my understanding that the defendant agrees to be slated.
 [DEFENDANT'S COUNSEL]: That's correct, Your Honor. [Tr. 3.]
On motion of the prosecutor and without objection from defendant, the court permitted the complaints to be amended to reflect the victims' names. Defendant received service of the court's anti-stalking protection order. Bond was set.
On November 19, 1998, defendant, through counsel, waived his right to a speedy trial. Both cases were set for trial on January 25, 1999.
On January 25, 1999, defendant appeared with counsel before the trial court. The prosecutor informed the trial court that the city had agreed to dismiss one of the complaints for defendant's plea on the instant complaint. At that point in the proceedings, the record shows that the trial court addressed the defendant, as follows:
 THE COURT: * * * Sir, you signed a waiver indicating you would enter a plea today and that you would waive your right to a jury trial, and that you would enter the plea, and the Court would accept the plea, and the presentence investigation would be scheduled between 30 and 45 days from today.
Sir, how would you plead to the charge?
 [Defendant's counsel]: Judge, we will plead no contest with a stipulated finding of guilt.
 One other matter we need to address from the defense side, withdraw the motions to dismiss in this case and waive any defects in the complaining instruments or the charges
 THE COURT: Indicate that the defendant waives any defects per defense counsel's statements. Also, the motion to suppress or motion to dismiss
 [Defendant's counsel]: Motion to dismiss. I believe the complaints were inadequate to state an offense, but as we are resolving the case with the plea, we withdraw those motions as to each case.
 THE COURT: All pending motions withdrawn by defense counsel. [Tr. 2-3.]
On January 25, 1999, defendant and his counsel signed a court form that states in part:
WAIVER OF TRIAL BY JURY
 I, John N. Baba, defendant, charged with a serious offense in this court, having been advised by the judge of my right to have a trial by a jury of eight persons in this matter, do hereby knowingly and voluntarily waive my right to such jury trial and consent to be tried by the court.
 I realize that my penalty may or may not consist of jail time and/or a monetary fine. No person has promised me any reward or leniency for entering this plea and I have not been forced or coerced in any way into pleading. I have the right to consult with an attorney before entering a plea of "GUILTY" or "NO CONTEST" * * *[.]
The trial judge also signed the lower part of the form, which states:
WAIVER ACCEPTANCE ENTRY
 The court hereby finds that the defendant has knowingly, voluntarily and intelligently waived all rights applicable in this matter, full explanation of such rights have been first given by the court to the defendant according to the Ohio Rules of Criminal Procedure. The court accepts the defendant's plea of "GUILTY" or "NO CONTEST" and enters a finding and judgment of "GUILTY" accordingly.
On March 1, 1999, defendant appeared with counsel for sentencing. Present were two witnesses alleged to be the victims of menacing by stalking. Each witness presented the court with her written victim-impact statement. At that point in the proceedings, defendant's counsel asked, "Your Honor, may I look at the statements as counsel?" Then, one of the witnesses interrupted before the court could respond. The court never responded on the record to counsel's request. The court read the victim-impact statements silently during the proceedings. Counsel never reiterated on the record his request to look at the statements.
The trial court sentenced defendant to serve one hundred and eighty days of confinement in the Franklin County Correctional Facility with one hundred and seventy-five of those days to be suspended on condition of five years of reporting probation. Five days were to be served by defendant forthwith. The court imposed several conditions of probation.
On March 19, 2001, defendant, with new counsel, moved this court for leave to file a delayed appeal pursuant to App.R. 5(A). On April 30, 2001, this court granted defendant's motion for a delayed appeal. On June 13, 2001, this court granted defendant's motion for a stay of execution of the trial court's judgment pending this appeal but conditioned upon defendant's posting of a bond and that defendant have no contact with the victim in any manner pending this appeal.
Defendant presents the following thirteen assignments of error:
 [1.] The trial court erred by accepting a plea of "no contest with a stipulation of guilt" made only by Defendant-Appellant's then counsel.
 [2.] The trial court erred by finding that Defendant-Appellant had "waived all rights applicable in this matter," that Defendant-Appellant pled "guilty" or "no contest," and by finding Defendant-Appellant guilty based upon Defendant-Appellant's waiver of his right to jury trial and consent to trial by the Court.
 [3.] The trial court erred by failing to inform Defendant-Appellant of the nature of the charge against him, the identity of the complainant, and the effect of the pleas of guilty, not guilty, and no contest, his right to trial by jury, and the necessity of making written demand therefore, as required by law where Defendant-Appellant was arraigned in absentia.
 [4.] The trial court erred in failing to read the affidavit or Complaint, or its substance to the Defendant-Appellant, which said reading had not been waived, and by failing to inquire of the Defendant-Appellant whether he understood the nature of the charge, as required by law where Defendant-Appellant was arraigned in absentia.
 [5.] The trial court erred by accepting a plea of "no contest with a stipulation of guilt" made by Defendant-Appellant's then counsel without first personally advising Defendant-Appellant of his Constitutional rights as required by law, including, but not limited to, his right to require the state to prove his guilt beyond a reasonable doubt at a trial, that he could not be compelled to testify against himself, that he had the right to a trial by jury, and that he had a right to appeal if found guilty.
 [6.] The trial court erred by accepting a plea of "no contest with a stipulation of guilt" made by Defendant-Appellant's then counsel without first personally advising Defendant-Appellant of the effects of such plea as required by law, including advising that by entering such a plea, he would waive his Constitutional rights.
 [7.] The trial court erred by accepting a plea of "no contest with a stipulation of guilt" made by Defendant-Appellant's then counsel without first addressing Defendant-Appellant personally and determining that Defendant-Appellant, himself, was making that plea voluntarily, intelligently, and knowingly, as required by law.
 [8.] The trial court erred in finding Defendant-Appellant guilty based upon a no-contest plea when no explanation of circumstances was made or otherwise appears in the record, as required by law.
 [9.] The trial court erred in accepting Defendant-Appellant's then counsel's withdrawal of his motion to dismiss based upon failure to state an offense when counsel stated at the time that he believed the Complaint was inadequate to state an offense, which withdrawal constitutes ineffective assistance of counsel.
 [10.] The trial court erred in failing to make a determination of the sufficiency of the Complaint to state the offense of menacing by stalking prior to finding Defendant-Appellant guilty of the offense of menacing by stalking.
 [11.] The trial court erred in finding Defendant-Appellant guilty of menacing by stalking based solely upon a Complaint which fails to state an offense in violation of R.C. 2903.211.
 [12.] In the event this Court finds that the Complaint states a charge of a violation of R.C. 2903.211, then that statute is unconstitutional as applied to Defendant because it infringes upon Constitutional rights, including his right to freedom of speech guaranteed by Section 11, Article I, of the Ohio Constitution and the First Amendment to the United States Constitution.
 [13.] The trial court abused its discretion in failing to permit Defendant-Appellant and his then counsel to review and respond to the victim impact statements prepared for sentencing purposes.
Defendant's second, fifth, sixth and seventh assignments of error are interrelated and, thus, will be addressed together. We note that plaintiff concedes that those assignments of error identify errors of the trial court. Based upon our own analysis of the record, we sustain defendant's second, sixth, and seventh assignments of error to the extent that they are consistent with this opinion. We find defendant's fifth assignment of error to be moot. We reverse defendant's conviction, set aside the no contest plea, and remand this matter to the trial court for further proceedings in accordance with this decision.
Crim.R. 11 governs pleas of guilty or no contest. Crim.R. 11(C) governs felony cases. Crim.R. 11(D) governs misdemeanor cases involving serious offenses. Crim.R. 11(E) governs misdemeanor cases involving petty offenses. Under Crim.R. 2(C), a "serious offense" means any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Under Crim.R. 2(D), a "petty offense" means a misdemeanor other than a serious offense.
Defendant asserts that the trial court was bound by Crim.R. 11(D) in accepting his no contest plea while plaintiff asserts that the trial court was bound by Crim.R. 11(E). Crim.R. 11(D) states in part:
 In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. * * *
Crim.R. 11(E) states in part:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. * * *
The offense for which defendant was convicted, menacing by stalking, is a misdemeanor of the first degree unless the offender has been previously convicted of or pled guilty to a violation of menacing by stalking involving the same person who is the victim of the current offense, in which case the offense is a felony of the fifth degree. R.C. 2903.211. In this case, there was no allegation that defendant had been previously convicted of or pled guilty to a violation of menacing by stalking involving the same person who is the victim of the current offense. Here, defendant entered a no contest plea and was convicted of a misdemeanor of the first degree.
R.C. 2929.21(B) provides that the term of imprisonment for a misdemeanor of the first degree shall not exceed six months. Thus, pursuant to the definitions of Crim.R. 2, the offense for which defendant was convicted, menacing by stalking, is a petty offense misdemeanor which required the trial court to follow Crim.R. 11(E) in accepting the no contest plea.
Unlike Crim.R. 11(D), Crim.R. 11(E) does not by its terms specifically command the trial court to address the defendant personally to determine whether he is making the plea of guilty or no contest voluntarily. However, in several cases, this court has indicated that Crim.R. 11(E) does so command the trial court.
In Columbus v. Pierce (Aug. 29, 1989), Franklin App. No. 89AP-17, unreported, this court reversed a conviction based upon the trial court's acceptance of a no contest plea. Applying Crim.R. 11(E), this court stated:
 At no time did the court inform defendant of the meaning or effect of a plea of no contest, determine whether her plea was knowingly, voluntarily or intelligently made, or even inform her of the maximum sentence which could be imposed. The transcript clearly shows the court failed to comply with Crim.R. 11(E). * * *
In State v. Johnson (May 11, 1989), Franklin App. No. 88AP-1107, unreported, this court affirmed a conviction based upon the trial court's acceptance of a guilty plea to a charge of criminal trespass. This court stated:
 * * * [T]he trial court substantially complied with Crim.R. 11(E) when it addressed the appellant concerning his entering a guilty plea in this matter. The record clearly indicates that appellant knew and understood the consequences of such a plea and that he entered a plea of guilty in this matter of his own free will.
We note that other Ohio courts have held that Crim.R. 11(E) requires that, in a misdemeanor case, the record must affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly. State v. Joseph (1988), 44 Ohio App.3d 212, motion for leave to appeal to the Supreme Court of Ohio overruled in 38 Ohio St.3d 702; Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216 (holding that a meaningful dialogue between the court and the defendant is required whenever the possibility of incarceration exists).
At the January 25, 1999 hearing, the trial court, having asked defendant how he would plead, failed to engage defendant in a dialogue or colloquy to determine whether the plea was being offered voluntarily, as Crim.R. 11(E) requires. The trial court's failure to address the defendant personally to determine whether he was entering his plea voluntarily is reversible error.
That defendant and his counsel signed the "Waiver of Trial by Jury" form and that the trial court executed the "Waiver Acceptance Entry" does not cure the problem revealed by the January 25, 1999 transcript that the trial court failed to personally address defendant to determine whether the no contest plea was made voluntarily. See Garfield Heights, supra (written waiver of counsel is not a substitute for oral waiver in open court); Joseph, supra (trial court's Crim.R. 11[E] duty cannot be discharged by handing the defendant a document listing the rights waived by the plea).
At the January 25, 1999 hearing, the trial court also failed to mention to defendant any penalty that could be imposed as a result of the no contest plea.
In Columbus v. Simmons (Dec. 28, 1999), Franklin App. No. 99AP-310, unreported, this court reversed a conviction based upon the trial court's acceptance of a guilty plea to a reduced charge of persistent disorderly conduct. This court stated:
 Here, the trial court failed in its colloquy with defendant to mention any penalty that could be imposed as a result of defendant's guilty plea, and thus failed to satisfy one of the minimal requirements of Crim.R. 11(E). * * * Although the court asked defendant if her attorney discussed with her the possible penalties and the rights she was giving up, and defendant answered affirmatively, the duty to discuss the consequences of a guilty plea under Crim.R. 11(E) is the trial court's and is not satisfied solely by counsel. * * *
Clearly, in the instant case, the trial court failed to satisfy one of the minimal requests of Crim.R. 11(E) by failing to inform the defendant of the potential penalties involved. This too is reversible error. Simmons, supra.
In Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, the Eighth District Court of Appeals held that Crim.R. 11(E) requires the trial court to advise the defendant that by entering a plea of guilty or no contest, he is waiving: (1) his right to confront his accusers; (2) his privilege against compulsory self-incrimination; and (3) his right to compulsory processof witnesses to testify on his behalf. Citing Wanzo, defendant contends that the trial court was required to advise him that, by entering a plea of guilty or no contest, he is waiving those constitutional rights. Defendant contends that the trial court's failure to advise him of his constitutional rights at the January 25, 1999 hearing before acceptance of his no contest plea is also grounds for reversing the conviction.
In Wanzo, the Eighth District Court of Appeals followed the decision of the Sixth District Court of Appeals in Toledo v. Chiaverini (1983),11 Ohio App.3d 43, which held that Crim.R. 11(E) requires the trial court to advise the defendant of specific constitutional rights that are waived by entering a plea of guilty or no contest.
This court has repeatedly declined to follow Chiaverin, and, thus, by inference, we have repeatedly declined to follow Wanzo. In State v. George (Apr. 24, 2001), Franklin App. No. 00AP-1071, unreported, this court, citing its prior cases, noted that Chiaverini extends Crim.R. 11(E) beyond its intended scope and, in effect, requires the trial court to follow the procedures set forth in Crim.R. 11(C) involving felony cases.
Given that this court finds that the trial court failed to comply with Crim.R. 11(E), and, thus, the conviction must be reversed, the question raised in defendant's fifth assignment of error of whether the trial court sufficiently advised the defendant of his constitutional rights is moot.
Based on the foregoing, defendant's second, sixth, and seventh assignments of error are sustained to the extent that they are in accordance with this opinion.
In his first assignment of error, defendant argues that it was error for the trial court to enter a finding of guilt when the no contest plea was entered solely by defendant's counsel at the January 25, 1999 hearing. The record does indeed disclose that it was defendant's counsel that entered the no contest plea and that defendant himself never verbally indicated to the court that he concurred with his counsel's entering of the plea. Plaintiff contends that it is proper for the trial court to accept a no contest plea entered solely by counsel. We have previously found that the trial court failed to comply with Crim.R. 11(E) by failing to personally address the defendant to determine whether the no contest plea was being voluntarily entered. Given our finding, defendant's first assignment of error is rendered moot.
In his third and fourth assignments of error, defendant contends that the trial court failed to meet the requirements of R.C. 2937.02 and 2937.03, which are ordinarily performed at the arraignment. R.C. 2937.02
requires inter alia that the court inform the accused of the nature of the charge against him and that it permit the accused to see and read a copy of the complaint. It also requires the court to inform the accused of his right to have counsel and of the necessity of making written demand for a jury trial.
Relying upon the November 2, 1998 entry indicating that the trial court accepted "defendant's request for arraignment in absentia" defendant contends that it would have been impossible for the court to have complied with the mandates of R.C. 2937.02 and 2937.03 when defendant was allegedly arraigned in absentia.
It is clear to this court from the record taken as a whole that defendant did appear with counsel at an arraignment hearing on November 2, 1998. At that hearing, defendant and his counsel signed a "Demand for Jury Trial" form, which enters a plea of not guilty and a request for jury trial. The signed form also acknowledges receipt of a copy of the complaint and waives a reading of the complaint.
Defendant's third and fourth assignments of error are premised upon a mistaken belief that this court must find that defendant was arraigned in absentia because of the entry. Clearly, the entry of November 2, 1998, is in error to the extent that it indicates that defendant was arraigned in absentia. The transcript of the November 2, 1998 arraignment and a form signed by defendant and his counsel on that date show that the trial court complied with R.C. 2937.02 and 2937.03. Accordingly, defendant's third and fourth assignments of error are overruled.
In his eighth assignment of error, defendant contends that the trial court erred by accepting the no contest plea without first obtaining an explanation of circumstances. R.C. 2937.07 provides, in pertinent part:
 If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances * * *. [Emphasis added.]
In Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, it was held that a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances.
Plaintiff agrees that there was no explanation of circumstances given to the trial court at the January 25, 1999 hearing but contends that an explanation of circumstances was not necessary because defendant, through counsel, entered a plea of "no contest with a stipulated finding of guilty." According to plaintiff, the plea effectively waived the explanation of circumstances. In the alternative, plaintiff contends that defendant invited any error in the failure of the trial court to obtain an explanation of circumstances.
We find defendant's eighth assignment of error to be moot given that the finding of guilty must be vacated on other grounds.
In his ninth assignment of error, defendant contends that his then counsel's withdrawal of a motion to dismiss the complaint constitutes ineffective assistance of counsel. In his tenth assignment of error, defendant contends that the trial court erred in failing to make a determination of the sufficiency of the complaint to state the offense of menacing by stalking. Because defendant's ninth and tenth assignments of error are interrelated, they will be discussed together.
As previously noted, the transcript of the January 25, 1999 hearing discloses that defendant's then counsel stated to the court: "I believe the complaints were inadequate to state an offense, but as we are resolving the case with the plea, we withdraw those motions as to each case."
According to defendant, that his counsel withdrew the motions to dismiss believing they were inadequate to state an offense constitutes ineffective assistance of counsel. Defendant relies upon the test set forth in Strickland v. Washington (1984), 466 U.S. 668, for determining ineffective assistance of counsel. See, also, State v. Bradley (1989),42 Ohio St.3d 136, citing Strickland, at paragraph two of the syllabus.
Plaintiff counters that defendant's then counsel was not ineffective because counsel secured for defendant the benefit of the plea bargain.
We also find that defendant's ninth and tenth assignments of error are moot given that we must reverse the conviction for the trial court's failure to comply with Crim.R. 11(E). Our reversal of the conviction shall include instructions to the trial court that any motions to dismiss withdrawn by defendant be reinstated.
In his eleventh assignment of error, defendant contends that the complaint fails to state an offense of menacing by stalking. Defendant contends that the trial court erred by failing to dismiss the complaint. We find defendant's eleventh assignment of error to be premature at best and, therefore, moot. The trial court did not have an opportunity to rule on the motions to dismiss because defendant withdrew the motions as part of the plea bargain.
In his twelfth assignment of error, defendant contends that R.C. 2903.211
is unconstitutional as applied to defendant because it allegedly infringes his right to freedom of speech. We also find defendant's twelfth assignment of error to be premature and, therefore, moot. The case against defendant was never tried to the court or to a jury. Thus, we have no factual basis in the record upon which we could determine whether or not the menacing by stalking statute would be unconstitutional as applied to defendant.
In his thirteenth assignment of error, defendant contends that the trial court erred by allegedly failing to permit defendant's counsel from reviewing the victim impact statements read by the court at sentencing. We also find the thirteenth assignment of error to be moot given that we are reversing the conviction for the trial court's failure to comply with Crim.R. 11(E).
For the foregoing reasons, defendant's second, sixth, and seventh assignments of error are sustained to the extent that they are consistent with this opinion. Defendant's third and fourth assignments of error are overruled. Defendant's first and fifth assignments of error and his eighth through thirteenth assignments of error are moot. We reverse the judgment of the Franklin County Municipal Court, set aside the no contest plea, and remand this matter to that court for further proceedings, in accordance with law, and consistent with this opinion.
Judgment reversed and cause remanded.
BOWMAN and LAZARUS, JJ., concur.