JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ernest Harris ("appellant") appeals his convictions in the Cuyahoga County Common Pleas Court for possession of drugs and attempted trafficking in drugs. For the reasons that follow, we affirm in part, reverse in part and remand for resentencing.
 {¶ 2} On March 5, 2002, appellant was indicted by the Cuyahoga County Grand Jury, in Case No. 420351, for one count of Possession of Drugs in violation of R.C. 2925.11. On June 7, 2002, appellant was indicted, in Case No. 423845, for three counts of Drug Trafficking in violation of R.C. 2925.03 and one count of Possession of Drugs in violation of R.C. 2925.11.
 {¶ 3} On July 30, 2002, the trial court consolidated the two cases pursuant to Criminal Rule 8. On July 30, 2002, in Case No. 420351, the appellant withdrew his previously entered plea of not guilty and entered a plea of guilty to possession of drugs, a fifth-degree felony, as charged in the indictment. The trial court found the appellant guilty and referred him for a presentence investigation report.
 {¶ 4} On September 5, 2002, the trial court sentenced the appellant to two years community control sanctions, ordered him to abide by the law, submit to random drug testing, and obtain employment.
 {¶ 5} In Case No. 423845, the appellant withdrew his previously entered plea of not guilty and entered a plea of guilty to the amended charge of Attempted Trafficking in Drugs, a first-degree misdemeanor. The State nolled the remaining charges. On September 5, 2002, the trial court imposed the suspended sentence of six months imprisonment and placed appellant on two years probation with the conditions that he abide by the law, perform 50 hours of court community work service, submit to random drug testing and obtain employment.
 {¶ 6} The appellant submits six assignments of error for our review.
 {¶ 7} "I. The trial court erred in accepting a guilty plea from appellant for a misdemeanor of the first degree without complying with Criminal Rule 11 which required the court to engage in a meaningful dialogue with the appellant in order to affirm that defendant was entering his plea voluntarily, intelligently and knowingly."
 {¶ 8} "II. The trial court abused its discretion when it pressured the appellant to enter a guilty plea to a misdemeanor of the first degree contravening Criminal Rule 11(E) and thereby coercing the defendant into an involuntary plea, compromising the impartiality of the court and giving the appearance of impropriety."
 {¶ 9} We review appellant's first and second interrelated assignments of error, together.
 {¶ 10} In regard to Case No. 423845, the appellant claims that the trial court failed to engage him in a meaningful dialogue to ensure that he understood his rights. The appellant claims that his responses to the trial court reflected doubt and reluctance to plead guilty. The appellant relies on State v. Joseph (1988), 44 Ohio App.3d 212, 213, for the proposition that in misdemeanor cases with a possibility of imprisonment, in accordance with Crim.R. 11(E), the trial court must engage the defendant in a meaningful dialogue.
 {¶ 11} Crim.R. 11(E) provides:
 {¶ 12} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 13} It is clear from the record that the trial court not only engaged the defendant in a meaningful dialogue but also that it fully and completely met the requirements of Crim.R. 11(E) by explaining the effect of appellant's plea. The trial court fully informed the appellant of his constitutional rights.
 {¶ 14} The record contains the following colloquy:
 {¶ 15} "The Court: You have every right to go to trial. That's your pleasure. We are going to start up in just a few minutes.***
 {¶ 16} "Mr. Moriarty: I believe my client wants to go to trial.
 {¶ 17} "The Court: All right.
 {¶ 18} "The Defendant: I ain't got no witnesses. I will go with the deal.
 {¶ 19} "The Court: You said you will go with the deal? Is that what you want to do? Do you want time to talk with your lawyer alone?
 {¶ 20} "The Defendant: Yes. I would like to talk to my lawyer.
 {¶ 21} "The Court: Okay. Because you have the right to talk to him in private. * * *
 {¶ 22} After recessing to permit the appellant time to consult with his defense counsel, the trial court resumed proceedings and the appellant informed the trial court that he wished to change his plea from not guilty to guilty. The trial court informed the appellant of the fines and costs he faced and the terms of probation. The appellant then stated:
 {¶ 23} "The Defendant: Okay. Well, I would rather go with the deal. I didn't do it though. I'm on the record to say, that I didn't do it."
 {¶ 24} The trial court then engaged the appellant in further dialogue to be sure that the appellant was competent, not under the influence of any drugs or alcohol, and that he was satisfied with the representation he received from his attorney.
 {¶ 25} "The Court: Are you satisfied with the representation you received from your attorney?
 {¶ 26} "The Defendant: Yes.
 {¶ 27} "The Court: Do you understand by entering a plea of guilty, you are giving up your constitutional rights that you do have?
 {¶ 28} "The Defendant: "Yes.
 {¶ 29} "The Court: I will explain these rights to you now. If you do understand the rights that you are waiving, answer yes. And if you don't understand the rights that you are waiving, answer no.
 {¶ 30} "The Defendant: Okay.
 {¶ 31} The Court then inquired separately whether the appellant understood that he had the right to a trial by a judge or a jury; the right to call and subpoena witnesses to appear and testify in his behalf; the right to cross-examine witnesses; the right to have the State prove his guilt by evidence beyond a reasonable doubt; that he was giving up that right; and the right at trial not to speak and that no one would comment on the fact that he did not testify at trial. The appellant informed the trial court that he understood each of these rights.
 {¶ 32} "The Court: If you plead guilty to count one, an amended charge in Case 423845, to attempted drug trafficking, which is a misdemeanor of the first degree, the date of the offense is February 16, 2002, and the date of the other offense is a February 3, 2002. That's a felony of the fifth degree. All right. * * *
 {¶ 33} "In regards to the other case, 423845, how do you plead Ernest Harris to the amended count one, that on or about February 16, 2002, you did attempt to sell, or offer to sell a controlled substance, to-wit; crack cocaine, a Schedule II Drug in an amount of less than one gram?
 {¶ 34} "The Defendant: I didn't do that one, your Honor.
 {¶ 35} "The Court: I know what you're saying. But how do you plead to that attempted?"
 {¶ 36} The record shows that the appellant then indicated several times that he "did not do it." The trial court informed appellant that it was his decision not to accept the plea agreement and to proceed with trial. The trial court also informed appellant that the plea of no contest was not available in this matter due to the amended indictment and plea agreement. After the trial court stated that it would proceed to call the jury for trial, the appellant stated he would go forward with the plea and then entered his guilty plea.
 {¶ 37} "The Court: All right. Ernest Harris, how do you plead to count one as amended to attempted drug trafficking, occurring in Cuyahoga County on or about February 16, 2002?
 {¶ 38} "The Defendant: I guess guilty.
 {¶ 39} "The Court: You guess or do you plead guilty?
 {¶ 40} "The Defendant: Yeah.
 {¶ 41} "The Court: Let the record reflect, that the Court finds that the defendant, Ernest Harris knowingly, voluntarily and with full understanding of his rights, enters a plea of guilty to his amended charge in count one, in Case Number 423845 attempted possession. No. It's attempted drug trafficking, a misdemeanor of the first degree.
 {¶ 42} "All right. Counsel, are you satisfied that the Court has complied with Criminal Rule 11:
 {¶ 43} "Mr. Moriarty: Yes.
 {¶ 44} "Ms. Demosthenes: Yes, your Honor"
 {¶ 45} Although the appellant claims that the trial judge improperly participated in the plea bargaining process, we do not find evidence of this. Rather, the trial judge properly engaged the appellant in dialogue and complied with the requirements of Crim.R. 11 by informing appellant of the possible penalties and costs associated with his guilty plea. Thus, we overrule appellant's first and second assignments of error.
 {¶ 46} "III. The trial court erred when, at the sentencing hearing, it failed to advise appellant of his right to allocution pursuant to Criminal Rule 32(A)(1)."
 {¶ 47} In this assignment of error, the appellant claims that his defense counsel was not permitted an opportunity to speak on the appellant's behalf.
 {¶ 48} Crim.R. 32(A)(1) provides that, at the time of imposing sentence, the trial court shall "afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 49} The Ohio Supreme Court has determined that Crim.R. 32(A)(1) confers an absolute right of allocution. State v. Green,90 Ohio St.3d 352, 358.
 {¶ 50} The record evidences that the trial court complied only in part with Crim.R. 32(A)(1).
 {¶ 51} "The Court: "The Court has reviewed the presentence investigation report. Any corrections, modifications need to be made?
 {¶ 52} "Mr. Moriarty: I think, your Honor, I'll speak for my client here.
 {¶ 53} "The Court: What?
 {¶ 54} "Mr. Moriarty: I will speak for my client, but I believe I was fired two weeks ago."
 {¶ 55} Counsel then informed the court that appellant wished to withdraw his guilty plea and obtain new legal counsel. After permitting counsel to speak on behalf of appellant, the trial court then permitted appellant the opportunity to address the court and speak on his own behalf. However, before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. State v. Campbell (2000), 90 Ohio St.3d 320, 738 N.E.2d 1178. Here, the trial court did not inform the appellant that he had the opportunity to present mitigating information. Thus, appellant's third assignment of error is well-taken.
 {¶ 56} "IV. The trial court abused its discretion in denying the defendant's motion to withdraw his "Alford" plea where no factual basis for the conviction was placed in the record and the defendant timely filed a motion to withdraw his plea."
 {¶ 57} In this assignment of error, appellant argues that he should have been permitted to withdraw his Alford plea, where he contended that he was innocent but pleaded guilty in Case No. 420351, to attempted trafficking in drugs. Pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, a criminal defendant may plead guilty to a charge even though he believes himself to be innocent. See e.g., State v. Berry (1997), 80 Ohio St.3d 371, 384,686 N.E.2d 1097.
 {¶ 58} While the record reflects that appellant claimed innocence of the charge of attempted trafficking in drugs, it also contains repeated declarations by the appellant that he wanted to go forward with the plea bargain and plead guilty to the charge. Appellant was given the opportunity to discuss the guilty plea in private with his attorney prior to changing his plea to guilty.
 {¶ 59} The record does not contain a formal motion for withdrawal of guilty plea. Rather, we find that the appellant filed a timely pro se motion for withdrawal when he wrote a letter to the trial court, received on August 27, 2002, prior to sentencing. In the letter, appellant informed the trial court that he wished to withdraw his guilty plea and set forth his reasons for the request. Because the record does not evidence a ruling upon this request, we presume that the trial court denied it.
 {¶ 60} Crim.R. 32.1 provides as follows:
 {¶ 61} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 62} Although a motion to withdraw a guilty plea filed prior to sentencing should be freely allowed, our review on appeal is limited to whether the trial court abused its discretion when it denied the defendant's motion to withdraw his guilty plea regardless of whether it was filed before or after sentencing. State v. Peterseim (1980)68 Ohio App.2d 211, 428 N.E.2d 863, paragraph one of the syllabus. An abuse of discretion is more than an error of judgment and we must find that the trial court acted unreasonably, arbitrarily or unconscionably in its ruling. State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715,719. The defendant is not afforded an absolute right to withdraw his guilty plea prior to sentencing and the decision to grant or deny a motion to withdraw the guilty plea is within the trial court's discretion. State v. Xie, 62 Ohio St.3d 521, 584 N.E.2d 715, syllabus.
 {¶ 63} In Peterseim, this court determined that the following test is applied:
 {¶ 64} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. Peterseim, 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph two of the syllabus. See also, State v. Tayeh (Feb. 28, 2002), 2002 Ohio 811, Cuyahoga App. No. 79464.There is no evidence that appellant was not represented by highly competent counsel and we have determined that appellant was afforded a full Crim.R. 11 hearing prior to entering his guilty plea. The appellant did not seek to withdraw his guilty plea based upon any alleged misunderstanding. Further, the record contains no support for appellant's claim that he did not enter the guilty plea knowingly, voluntarily, and intelligently. The appellant was a 47 year old high school graduate who ran his own business. There is no evidence that he had any trouble understanding the charges and consequences of his guilty plea. Prior to accepting the guilty plea, the trial court extensively questioned the appellant and determined that the guilty plea was made voluntarily, knowingly and intelligently and that the appellant understood the charge against him and its consequences if convicted of the charge. There is no indication that the appellant was confused or coerced into entering the guilty plea.
 {¶ 65} However, "a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie, at 521. Here, the trial court did not hold a hearing on the motion and proceeded immediately to sentencing. Thus, we find that the trial court abused its discretion when it denied appellant's request to withdraw his guilty plea without first conducting a hearing. Accordingly, the appellant's fourth assignment of error is well-taken.
 {¶ 66} "V. The appellant was denied his right to effective assistance of counsel as guaranteed by the Ohio and federal constitutions when counsel failed to object on the basis that Criminal Rule 11 was not properly followed by the trial court."
 {¶ 67} "VI. The appellant was denied his right to effective assistance of counsel as guaranteed by the Ohio and federal constitutions when counsel failed to object to the court's failure to comply with Criminal Rule 32(A)(1)."
 {¶ 68} We address together appellant's fifth and sixth interrelated assignments of error.
 {¶ 69} In establishing a claim of ineffective assistance of trial counsel, it is clear that a defendant must make a two-part showing:
 {¶ 70} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant makes both showings, it cannot be said that the conviction *** resulted from a breakdown in the adversary process that renders the result unreliable."Strickland v. Washington (1986), 466 U.S. 668, 687, 80 L.Ed.2d 674,104 S.Ct. 2052. Accord State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 71} The Strickland Court also cautioned courts examining the issue that:
 {¶ 72} "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac (1982), 456 U.S. 107, 133, 134,71 L.Ed.2d 783, 102 S.Ct. 1558. * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689. See, also, State v. Frazier (1991),61 Ohio St.3d 247, 253, 574 N.E.2d 483. In addition, absent demonstration of prejudice, this court must indulge in a strong presumption that the failure to object at trial constitutes sound strategy: Strickland supra;State v. Moore (1994), 97 Ohio App.3d 137, 646 N.E.2d 470. See, also,State v. Catlin (1990), 56 Ohio App.3d 75, 564 N.E.2d 750.
 {¶ 73} The appellant first contends that his trial counsel was ineffective for failing to object to the trial court's alleged non-compliance with Crim.R. 11. We reject the appellant's contention. After reviewing the above first and second assignments of error, the trial court fully complied with Crim.R. 11, thus the appellant has not been prejudiced by defense counsel's lack of objection.
 {¶ 74} Next, appellant argues that he was denied effective assistance of counsel by defense counsel's failure to assert his right of allocution pursuant to Crim.R. 32(A)(1). It is clear from the record that at the sentencing hearing, appellant was not represented by counsel, having previously terminated his services. Thus, appellant cannot claim that he was denied effective assistance of counsel in this respect.
 {¶ 75} Accordingly, appellant's fifth and sixth assignments of error are overruled.
Judgment is affirmed in part, reversed in part, and remanded for resentencing.
FRANK D. CELEBREZZE, J., CONCURS.
PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY, ANN DYKE JUDGE.